1  **BRYAN CAVE LLP**
   Katherine M. Windler, California Bar No. 158899
2  120 Broadway, Suite 300
   Santa Monica, California  90401-2386
3  Telephone:      (310) 576-2100
   Facsimile:      (310) 576-2200
4  Email:          katherine.windler@bryancave.com

5  Attorneys for Madison Realty Capital LP

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11  In re                          | Case No.  2:10-bk-26188-PC (Lead Case)

12                                  | Administratively Consolidated with Case
                                    | No. 2:10-bk-27683-PC
13  NEVADA STAR, LLC,

14                                  | Hon. Peter Carroll
                 Debtor.
15                                  | Chapter 11
    Tax ID / EIN: 68-0658426
16                                  | **CONSOLIDATED CHAPTER 11 PLAN OF**
                                    | **LIQUIDATION**
17
                                    | **Disclosure Statement Hearing**
18
                                    | Date:    December 15, 2010
19  In re                          | Time:    9:30 a.m.
                                    | Ctrm:    1539
20                                  |          U.S. Bankruptcy Court
    CLAUDIA RAFFONE,               |          255 E. Temple Street, 15th Floor
21                                  |          Los Angeles, CA 90012
                 Debtor.
22                                  | **Plan Confirmation Hearing**

23                                  | Date:    January 12, 2011 (proposed)
                                    | Time:    9:30 a.m.
24                                  | Ctrm:    1539
                                    |          U.S. Bankruptcy Court
25                                  |          255 E. Temple Street, 15th Floor
                                    |          Los Angeles, CA 90012
26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..................................................................................................... 1

II.   CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS IN
      THE DEBTORS' ESTATES ..................................................................................... 2

    A.    General Overview ........................................................................................... 2

    B.    Unclassified Claims ........................................................................................ 2

        1.    Administrative Expenses ...................................................................... 2

        2.    Court Approval of Fees Required: ....................................................... 4

        3.    Priority Tax Claims. ............................................................................. 5

    C.    Classified Claims and Interests. ..................................................................... 6

        1.    Classes of Secured Claims. .................................................................. 6

        2.    Classes of Priority Unsecured Claims. ................................................ 9

        3.    Classes of General Unsecured Claims. .............................................. 11

        4.    Class of Subordinated Claims ........................................................... 13

        5.    Class of Interest Holders. .................................................................. 13

    D.    Means of Performing the Plan. ..................................................................... 14

        1.    Funding for the Plan. .......................................................................... 14

        2.    Post Confirmation Authority of Administrator .................................. 14

        3.    Use of Cash Collateral ....................................................................... 18

        4.    Post-confirmation Management. ........................................................ 18

        5.    Disbursing Agent. .............................................................................. 18

        6.    Tender of Possession, or Warrant of Eviction and Judgment of
            Possession Against Raffone. .............................................................. 19

III.  TREATMENT OF MISCELLANEOUS ITEMS ................................................... 20

    A.    Executory Contracts and Unexpired Leases ................................................. 20

        1.    Assumptions ....................................................................................... 20

        2.    Rejections ........................................................................................... 20

    B.    Changes in Rates Subject to Regulatory Commission Approval .................. 20

    C.    Retention of Jurisdiction. ............................................................................. 21

IV.   EFFECT OF CONFIRMATION OF PLAN ........................................................... 21

    A.    Discharge ...................................................................................................... 21

    B.    Revesting of Property in the Debtor and Raffone ........................................ 21

    C.    Modification of Plan ..................................................................................... 22

    D.    Post-Confirmation Status Report ................................................................. 22

    E.    Quarterly Fees .............................................................................................. 22

        1.    Quarterly Fees of the Debtor ............................................................. 22

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

2.    Quarterly Fees of Raffone ....................................................... 23
F.    Post-Confirmation Conversion/Dismissal ............................................. 23
G.    Final Decree ............................................................................... 24

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

I.    **INTRODUCTION**

Nevada Star, LLC ("Nevada Star" or "Debtor") is the Debtor in a Chapter 11 bankruptcy case known as 2:10-bk-26188-PC.  On April 26, 2010, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq.  The Debtor's principal asset is a parcel of real property located at 114 West 86th Street in New York City, N.Y. and all fixtures and incidental personal property that is used for the operations and maintenance of the building (the "Property").  Claudia Raffone ("Raffone"), an individual, is a debtor in the administratively consolidated Chapter 11 bankruptcy case known as 2:10-bk-27683-PC.  On May 4, 2010, Raffone filed a voluntary petition under chapter 11 of the Bankruptcy Code.  On October 14, 2010, the Court ordered the cases of the Debtor and Raffone to be administratively consolidated [Debtor Dkt No. 146; Raffone Dkt No. 29].

This document is the Consolidated Chapter 11 Plan of Liquidation ("Plan") proposed by Madison Realty Capital, L.P. ("Madison" or the "Proponent").  It is intended to apply to both the Nevada Star and Raffone cases.  Sent to you in the same envelope as this document is the Consolidated Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a liquidating Plan.  In other words, the Proponent seeks to accomplish payments under the Plan by appointing an independent post confirmation administrator ("Administrator") to sell the Property of the Debtor's estate to pay the Debtor's creditors.  Similarly, the assets of the Raffone estate will be sold to satisfy all creditor claims against Raffone.  A list of the known assets of Nevada Star is attached at <u>Exhibit A</u>.  A list of the known assets of Raffone is attached at <u>Exhibit B</u>.  The Plan Administrator may locate additional assets which are intended to be included in this Plan, even if not discovered until a later date.

To the extent that any unsecured claim is successfully asserted against both Nevada Star and Raffone, it will be paid from proceeds of the sale of the Property *only after* all secured claims, administrative claims and priority claims of creditors of Nevada Star are satisfied as provided for in this Plan.  Only the remaining balance of such creditors' claims will be treated as an allowed claim against the Raffone estate.  A list of the filed and scheduled claims (non-disputed) against

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Nevada Star is attached at Exhibit C.  A list of the filed and scheduled claims (non-disputed)

2   against Raffone is attached at Exhibit D.  Some of the claims appear as duplicates on Exhibit C

3   and Exhibit D.  No claim will be paid more than once.

4          The effective date ("Effective Date") of the proposed Plan is ten (10) days after entry of an

5   order confirming the Plan, providing no stay pending appeal is obtained by that date.

6          In order to assure confirmation of the Plan, Madison will agree to fund the amounts owed

7   for the Clerk's Office Fees and the Office of the United States Trustee Fees on the Effective Date

8   of the Plan out of its own money, *without charging such fees to its secured claim in the Nevada*

9   *Star case*.  In short, Madison will make a gift to the Raffone estate for the amount necessary to pay

10  those fees to assure that the Plan is confirmable.  The selection of assets and determination of

11  which assets to sell of Raffone will be within the sole and reasonable discretion of the Plan

12  Administrator appointed by the Court.

13  **II.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS IN THE**

14        **DEBTORS' ESTATES**

15        **A.    General Overview**

16         As required by the Bankruptcy Code, the Plan classifies claims and interests in various

17  classes according to their right to priority of payments as provided in the Bankruptcy Code.  The

18  Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides

19  the treatment each class will receive under the Plan.

20        **B.    Unclassified Claims**

21         Certain types of claims are not placed into voting classes; instead they are unclassified.

22  They are not considered impaired and they do not vote on the Plan because they are automatically

23  entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Proponent

24  has not placed the following claims in a class.  The treatment of these claims is provided below.

25        **1.    Administrative Expenses**

26         Administrative expenses are claims for costs or expenses of administering the Debtor's and

27  Raffone's Chapter 11 case which are allowed under Code Section 507(a)(1).  The Code requires

28  that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

1    agrees to a different treatment.  This Plan provides that two administrative creditors consent to

2    partially deferred payment of their claims and to waive payment of their claims in their entirety on

3    the Effective Date.

4        The following chart lists all of the known § 507(a)(1) administrative claims in both the

5    Nevada Star and Raffone estates and their treatment under the Plan:

| Name | Amount Owed (exclusive of retainer deposits) | Treatment |
|---|---|---|
| Law Offices of Michael Berger (Nevada Star fees and expenses) | $TBC | Paid from retainer, and remaining portion shall be paid half from cash collateral (if sufficient funds are available) and balance from the proceeds of escrow of the Property |
| Law Offices of Michael Berger (Raffone fees and expenses) | $TBC | Paid from the proceeds of sale of property of the Raffone estate |
| Lewis R. Landau (Counsel in Nevada Star case for the Official Unsecured Creditors' Committee ("Committee")) | $TBC | Paid half from cash collateral (if sufficient funds are available) and balance from the proceeds of escrow |
| Clerk's Office Fees (Nevada Star) | TBD (nominal) | Paid in Full on Effective Date from cash collateral in possession of Minuit Partners Property Management LLC ("Minuit") |
| Clerk's Office Fees (Raffone) | TBD (nominal) | Paid in Full on Effective Date from cash contributed by Madison |
| Office of the U.S. Trustee Fees (Nevada Star) | Current | Paid in Full on Effective Date from cash collateral in possession of Minuit |
| Office of the U.S. Trustee Fees (Raffone) | Current | Paid in Full on Effective Date from cash contributed by Madison |
|  | TOTAL $TBD |  |

18       To the extent that the Law Offices of Michael Berger (the "Berger Firm") received a

19    retainer for its work in the Nevada Star case from the cash collateral of Madison without its

20    consent, Madison will not pursue recovery of such cash collateral if the Plan is confirmed.

21    Madison believes $25,000 of its cash collateral was paid to the Berger Firm on account of the

22    Nevada Star case.

23       To the extent that the Berger Firm received a retainer for its work in the Raffone case from

24    the cash collateral of Madison without its consent and such funds were in fact cash collateral

25    arising out of the Debtor's Property, the Law Offices of Michael Berger will remit such retainer to

26    the Plan Administrator for payment of the Debtor's creditors and the law firm will be paid from

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   the proceeds of the liquidation of the assets of Raffone.  Madison believes $20,000 of its cash

2   collateral was paid to the Berger Firm on account of the Raffone case.

3                    **2.    Court Approval of Fees Required:**

4           The Court must approve all professional fees listed in this chart.  For all fees except

5   Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a

6   properly noticed fee application and the Court must rule on the application.  Only the amount of

7   fees allowed by the Court will be required to be paid under this Plan.

8           The Plan provides for the appointment of the Administrator.  Fees and expenses arising out

9   of the Nevada Star case and owed to the Berger Firm and Lewis R. Landau will be paid (after

10  application of any retainer that is not disgorged) up to a maximum of half of their allowed amount

11  from the cash collateral on hand within a reasonable period of time following the Effective Date

12  (allowing for sufficient time to permit the Administrator to issue checks), and the balance direct

13  out of escrow at the time the Property is sold.  Such payments are contingent upon their fee

14  applications having been heard, the final amount allowed and no stay pending appeal is obtained

15  as of that date.  If there are insufficient funds on hand from the cash collateral of Madison to pay

16  one half of the allowed amounts of both professionals' claims, then the Administrator shall

17  determine a reasonable amount to be paid from such funds that will not impair the operations of

18  the Property, and shall pay the remaining balance from the escrow closing at the sale of the

19  Property with interest to accrue on such unpaid amount at the rate of 5% simple interest per

20  annum.  The Administrator shall be permitted to withhold any payment to administrative creditors

21  until allowed by final Court order or until the Property has sold, if he determines in the exercise of

22  his discretion that such delay is warranted by the facts of the cases.

23          Madison authorizes the use of its cash collateral in an amount required to pay the Nevada

24  Star Clerk's Office Fees and the Office of the U.S. Trustee's Fees on the Effective Date.  If

25  insufficient funds from operations are present to pay such amounts on the Effective Date, then

26  Madison will make an advance under its loan documents to the reorganized Nevada Star Debtor's

27  ("Reorganized Debtor") estate and add any payment to its allowed Class 2 claim.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Madison shall make a gift to the Raffone estate in an amount required to pay the Raffone

2  estate's Clerk's Office Fees and the Office of the U.S. Trustee's Fees on the Effective Date.

3  Madison will not add any portion of the gift to its allowed Class 2 claim.  Madison will not assert

4  the amount of the gift as a general unsecured claim in the Raffone estate.

5      **3.    Priority Tax Claims.**

6  Priority tax claims are certain unsecured income, employment and other taxes described by

7  Code Section 507(a)(8).  The Code requires that each holder of such a § 507(a)(8) priority tax

8  claim receive the present value of such claim in deferred cash payments, over a period not

9  exceeding six years form the date of the assessment of such tax.

10  The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their

11  treatment under this Plan.

| DESCRIPTION | AMOUNT OWED | TREATMENT |
|---|---|---|
| • Name= IRS<br><br>• Type of Tax = capital gains tax<br><br>• Date tax assessed =2011 | Approximately $2,000,000 | • Pymt interval =one time<br>• Pymt amt/interval = full amount of claim<br>• Begin date = close of escrow, or as soon as Administrator can determine the amount owed, whichever is earlier<br>• End date = N/A<br>• Interest Rate % = statutory<br>• Total Payout Amount 100 % |
| • Name= New York State<br><br>• Type of Tax = capital gains tax<br><br>• Date tax assessed =2011 | Approximately $897,000 | • Pymt interval =one time<br>• Pymt amt/interval = full amount of claim<br>• Begin date = close of escrow, or as soon as Administrator can determine the amount owed, whichever is earlier<br>• End date = N/A<br>• Interest Rate % = statutory<br>• Total Payout Amount 100 % |
| • Name= New York State Tax Department and New York State Dept. of Labor<br><br>• Type of Tax = employment taxes on wages and salaries<br><br>• Date tax assessed =quarterly 2010 and 2011 | Approximately $4,000<br><br>Each quarter, the property manager pays all employment related taxes for the two employees of the property, which payments will continue in the ordinary course. | • Pymt interval =quarterly<br>• Pymt amt/interval = $/quarterly<br>• Begin date = N/A<br>• End date = N/A<br>• Interest Rate % = statutory (believed 0.00)<br>• Total Payout Amount 100% |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

The following chart lists all of Raffone's Section 507(a)(8) priority tax claims and their treatment under this Plan.

| DESCRIPTION | AMOUNT OWED | TREATMENT |
|---|---|---|
| • Name= IRS<br><br>• Type of Tax = FICA and income taxes from 2006 through 2009 with interest accrued<br><br>• Date tax assessed =2011 | $48,450.99 | • Pymt interval =one time<br>• Pymt amt/interval = full amount of claim<br>• Begin date = close of escrow, or as soon as Administrator can determine the amount owed, whichever is earlier<br>• End date = N/A<br>• Interest Rate % = statutory<br>• Total Payout Amount 100 % |

The penalty portion of the IRS priority claim shall be subordinated to the payment of the rest of the unsecured class.  The asserted IRS penalty from the date of petition on unsecured priority claims (including interest thereon) that will be subordinated is $19,214.49, plus any additional accruing penalty amounts.

**C.    Classified Claims and Interests.**

**1.    Classes of Secured Claims.**

Secured claims are claims secured by liens on property of the estate. The following charts list (a) classes 1-4 containing Debtor's secured pre-petition claims and their treatment under this Plan, and (b) Class 5 containing Raffone's secured pre-petition claims and their treatment under this Plan.  Class 5 is not secured against the Property.  Classes 1-4 are not secured by Raffone's California or Florida homes.

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | Secured claim of senior secured real estate taxes | No | Yes<br>Claim paid in full at the close of escrow. | • Pymt interval = Single; see means for effectuating the plan at section III(D) hereof. |
|  | • Name= New York City Department of Finance |  |  | • Pymt amt/interval = Allowed amount of claim/one payment. |
|  | • Collateral description = Debtor's real property. |  |  | • Balloon pymt = Yes, one. |
|  | • Collateral value = $16MM |  |  | • Begin date = Close of escrow |
|  | • Priority of security int. = |  |  | • End date = Close of escrow |

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | first | | | |
| | • Principal owed = approx $999,354.32 (includes known interest and penalties through 1.1.11) | | | • Interest rate % = statutory<br>• Penalties will not be paid as a Class 1 claim but will be paid as a Class 10 claim |
| | • Pre-pet. Arrearage amount = $unknown. | | | • Total payout = 100% of allowed amount of claim excluding penalties . |
| | • Post-pet. Arrearage amount = $unknown. | | | • Treatment of Lien = Lien terminated and extinguished upon payment. |
| | • Total claim amount = approx $999,354.32 (includes known interest and penalties through 1.1.11) | | | |

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 2 | Secured claim of senior secured lender holding voluntary lien | No | Yes<br>Claim paid in full at the close of escrow. | • Pymt interval = Single; see means for effectuating the plan at section III(D) hereof. |
| | • Name= Madison Realty Capital, L.P. | | | • Pymt amt/interval = Allowed amount of claim/one payment. |
| | • Collateral description = Debtor's real property. | | | • Balloon pymt = Yes, one. |
| | • Collateral value = $16MM | | | • Begin date = Close of escrow |
| | • Priority of security int. = second | | | • End date = Close of escrow. |
| | • Principal owed = $7,583,012.02 | | | • Interest rate % = 24% |
| | • Pre-pet. Arrearage amount = $1,039,943.10. | | | • Total payout = 100% of allowed amount of claim. |
| | • Post-pet. Arrearage amount = $1058,568.60 as of October 21, 2010. | | | • Treatment of Lien = Lien terminated and extinguished upon payment. |
| | • Total claim amount = $9,681,523.72 as of October 21, 2010, plus amounts accrued after that date | | | |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 3 | Secured claim of mechanic's lien holder | No | Yes Claim is paid in full on close of escrow | • Pymt interval = Single; see means for effectuating the plan at section III(D) hereof. |
| | • Name= Ponichtera Contracting | | | • Pymt amt/interval = Allowed amount of claim/one payment. |
| | • Collateral description = Debtor's real property. | | | • Balloon pymt = Yes, one. |
| | • Collateral value = $16MM | | | • Begin date = Close of escrow. |
| | • Priority of security int. = third | | | • End date = Close of escrow. |
| | • Principal owed = $21,000 | | | • Interest rate % = statutory |
| | • Pre-pet. Arrearage amount = $12,017.29. | | | • Total payout = 100% of allowed amount of claim. |
| | • Post-pet. Arrearage amount = as accrued by law. | | | • Treatment of Lien = Lien terminated and extinguished upon payment. |
| | • Total claim amount = $32,017.29 plus amounts accrued by operation of law | | | |

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 4 | Secured claim of involuntary judgment lien holder | No | Yes Claim is paid in full on close of escrow | • Pymt interval = Single; see means for effectuating the plan at section III(D) hereof. |
| | • Name= Henry Douglas Campbell ("Campbell") | | | • Pymt amt/interval = $2.5 million/one payment. |
| | • Collateral description = Debtor's real property. | | | • Balloon pymt = Yes, one. |
| | • Collateral value = $16MM | | | • Begin date = Close of escrow. |
| | • Priority of security int. = fourth | | | • End date = Close of escrow. |
| | • Principal owed = $2.5MM | | | • Interest rate % = N/A |
| | • Pre-pet. Arrearage amount = No amount will be paid beyond principal of $2.5 million. | | | • Total payout = 100% of principal amount of claim. |
| | • Post-pet. Arrearage amount = No amount will be paid beyond principal of $2.5 million. | | | • Treatment of Lien = Lien terminated and extinguished upon payment. |
| | • Total claim amount = $2,500,000 | | | • Campbell's unsecured portion of his claim, if any, is waived in full. |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 5 | Secured claim of voluntary lender against Raffone's personal residence | No | Yes<br>Claim is either assumed or paid in full on close of escrow | • Pymt interval = Single; see means for effectuating the plan at section III(D) hereof. |
| | • Name= Links Capital Partners, LLC, et al.; Defined Benefit Pension Plan Trust | | | • Pymt amt/interval = $allowed amount/one payment or assumed |
| | • Collateral description = Debtor's real property. | | | • Balloon pymt = Possible. |
| | • Collateral value = $1,175K | | | • Begin date = Close of escrow. |
| | • Priority of security int. = first against Beverly Hills house | | | • End date = Close of escrow or assumed |
| | • Principal owed = $350K | | | • Interest rate % = per loan docs |
| | • Pre-pet. Arrearage amount = Unknown. | | | • Total payout = 100% of allowed amount of claim |
| | • Post-pet. Arrearage amount = Unknown | | | • Treatment of Lien = Lien terminated and extinguished upon payment, unless assumed. |
| | • Total claim amount = as allowed | | | • Paid in full. |

To the extent that any claim listed on Exhibit C or Exhibit D is later determined by the Administrator to be a secured claim, or if the Court enters an order affording treatment as a secured claim to the holder of any claim that is not set forth in this section of the Plan, the Administrator shall treat such claim as a secured claim with priority over payment of any priority unsecured claim or general unsecured claim or equity claim for that debtor.

### 2.    Classes of Priority Unsecured Claims.

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The Plan Proponent intends to allow the claim of Vjollca Lumaj for her unpaid regularly hourly wages as if timely filed.  David and Vjollca Lumaj are employees at the Property and allege

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    that they were not paid certain wages, salaries and overtime during the years 2005-2010 when the

2    Property was managed by Raffone, notwithstanding that such claims may be late filed.  Madison

3    believes the legitimate past due wage claim of Vjollca Lumaj is $36,601.36 for basic hourly wages

4    without any overtime or bonus amounts included.  It shall be in the reasonable discretion of the

5    Administrator to determine whether to allow, compromise or contest the amount of any additional

6    filed claims by such employees that exceeds $36,601.36.  Raffone shall be entitled to object to any

7    treatment of such claims (including the $36,601.36) and the Administrator shall give notice to

8    Raffone of his proposed treatment of such creditors' claims, and if disputed, shall seek a ruling on

9    notice and opportunity for hearing before the Court.  Raffone shall bear the burden of proof if she

10   elects to challenge any portion of the $36,601.36.  David and Vjollca Lumaj shall have the burden

11   of proof if they elect to seek an amount higher than $36,601.36, including the amounts listed on

12   Exhibit C as disputed and not allowed.

13          The Plan Proponent intends to allow the claim of tenants for their security deposits,

14   believed to be held, at least in part, by Bank of America, N.A.  Tenant security deposits are not

15   funds of the Debtor or Raffone.  Under applicable New York law, tenant deposits must be held in

16   a bank in New York state, in each tenants' social security number, with annual reporting directly

17   to the tenants, who are entitled to all interest annually above 1% which they can choose to let

18   accrue or request be paid to them directly from the depositing bank.

19          The following chart lists all classes containing Debtor's §507(a)(3), (4), (5), (6), and (7)

20   priority unsecured claims and their treatment under this Plan.  There are no known §507(a)(3), (4),

21   (5), (6), and (7) priority unsecured claims of Raffone.

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|--------|-------------|----------------|-----------|
| 6 | Priority unsecured claims pursuant to § 507(a)(4)<br>• Total amt of allowed claims = $36,601.36<br><br>The claims in this Class 6 may be higher if the employees at the Property can submit a justifiable basis for additional compensation that was denied to them. | Yes | Paid in full in cash on close of escrow or when allowed by the Court, whichever is later.  Claims shall be paid without interest. |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 7 | Priority unsecured claims pursuant to § 507(a)(7)<br>• Total amt of claims = $58,610.77<br><br>(funds to be released by Bank of America, N.A., and to the extent of any shortfall, paid from operating cash flow of the Debtor's real property, and thereafter, only in the extent of a further shortfall, funded in cash by Madison as an advance under its loan documents, and recovered as part of its allowed Class 2 claim) | Yes | Funded in full in cash on the Effective Date to property manager for building for the benefit of claim holders.  These paid claim amounts shall be held in a bank in New York state, in the tenants' social security numbers, with annual reporting directly to the claim holders post close of escrow. Each claim holder shall be entitled to elect either payment to him/her of all interest that has accrued annually above 1% or maintenance of all interest in their tenant deposit accounts. |

To the extent that any claim listed on Exhibit C or Exhibit D is later determined by the Administrator to be a priority unsecured claim, or if the Court enters an order affording treatment as a priority unsecured claim to the holder of any claim that is not set forth in this section of the Plan, the Administrator shall treat such claim as a priority unsecured claim with priority over payment of any general unsecured claim or equity claim for that debtor.

        **3.**      **Classes of General Unsecured Claims.**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  Notwithstanding any judgment that might be issued in the nondischargeability litigation commenced by Campbell on July 20, 2010, under this Plan, Campbell is not the holder of any allowed unsecured claim and shall not be entitled to participate in the distribution of amounts paid to holders of Classes 8 or 9 claims.  The Administrator shall not be required to liquidate assets of the Raffone estate to satisfy any judgment in favor of Campbell, other than to assure the payment in full of his stipulated Class 4 claim that is capped at $2.5 million.  The terms of this Plan shall prevail over the terms of any judgment Campbell may obtain, whether or not the judgment occurs prior to or after confirmation of this Plan.

The following chart identifies this Plan's treatment of the class containing all of Debtor's general unsecured claims.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 8 | General Unsecured Claims asserted against Nevada Star, estimated at $1,779,346.38 | Yes | Pymt interval = Single, with possibility of second later supplemental payment. |
| | | | Payment amt/interval = Balance of funds available from sale of Debtor's real property/reasonable time after the close of escrow and after final determination of all claims; and thereafter, proceeds of sale of Raffone's real and personal property/reasonable time after close of any sale of any asset |
| | | | Begin date = Reasonable time after the close of escrow for Debtor's Property. |
| | | | End date = Reasonable time after the close of escrow for Raffone's real and personal property, at the discretion of the post petition Plan Administrator |
| | | | Interest rate:  None. |
| | | | Total payout = pro rata share of proceeds after payment of Debtor's costs of sale, administrative claims, secured claims and priority unsecured claims. |

The following chart identifies this Plan's treatment of the class containing all of Raffone's general unsecured claims:

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 9 | General Unsecured Claims asserted against Raffone, estimated at $1,983,959.87*<br><br>*Note:  Some claims in this Class 9 have been asserted against both Nevada Star and Raffone.  To the extent the Property proceeds are insufficient to pay holders of Class 8 claims in full after costs of sale, administrative claims and Classes 1-7, then allowed claims in Class 8 will receive a second distribution in this Class 9 to the extent they have an allowed claim in Class 9. | Yes | Pymt interval = Single. |
| | | | Payment amt/interval = After final determination of all claims; and after sale of Raffone's real and personal property, giving the Administrator a reasonable time after close of any sale of all assets |
| | | | Begin date = Reasonable time after the close of escrow for all of Raffone's property. |
| | | | End date = N/A |
| | | | Interest rate:  None. |
| | | | Total payout =  pro rata share of proceeds after payment of Raffone's costs of sale, administrative claims, secured claims and priority unsecured claims. |

The penalty portion of the IRS claim shall be subordinated to the payment of the rest of the unsecured class.  The asserted IRS penalty from the date of petition on unsecured general claims

(including interest thereon) that will be subordinated is $157,480.51, plus any additional accruing penalty amounts.

### 4.    Class of Subordinated Claims

The IRS shall hold a subordinate claim for penalties asserted against Raffone with respect to payment of her FICA and income taxes for years 2006-2010, identified on Claim No. 1 on the claims docket in the Raffone case.

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
| 10 | Penalty Claims asserted by the IRS against Raffone, estimated at $157,480.51 | Yes | Pymt interval = Single. Payment amt/interval = If funds remain after payment of all Class 1-9 claims Interest rate: None. Total payout = 0.00 est. |

### 5.    Class of Interest Holders.

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor.  If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders.  If the Debtor is a partnership, the interest holders include both general and limited partners.  If the Debtor is an individual, the Debtor is the interest holder.  The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
| 11 | Interest holder – deemed to be solely Claudia Raffone and excluding Henry Douglas Campbell who shall accept his Class 4 treatment if votes in favor of Plan | No<br>The Plan leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest. | Unimpaired |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  **D.      Means of Performing the Plan.**

2          **1.      Funding for the Plan.**

3          The Plan will be funded by the following:  (1) turnover of cash from Minuit, (2) turnover

4  of tenant deposits in possession of Bank of America, N.A., (3) cash gifted from Madison to the

5  Raffone estate to pay for the administrative costs of the United States Trustee and the Clerk's

6  Office, and (4) sale of assets of the estates.

7          **2.      Post Confirmation Authority of Administrator**

8          The Plan provides for the appointment of a post confirmation Administrator, David Gould.

9  The Administrator's employment shall be governed by the terms of this Plan.

10         Post confirmation, the Administrator shall be the sole owner of the Property in the hands of

11  the Reorganized Debtor.  Raffone shall no longer be considered the owner of the Property for any

12  purpose, under any applicable non bankruptcy law.  Nothing in this paragraph shall prevent

13  Raffone from receiving her interest as a member of Class 11, ***after*** satisfaction of all claims under

14  this Plan, including, but not limited to, payment in full of Classes 1-10.  At all times prior to the

15  satisfaction of all claims under this Plan, Raffone shall not be the owner of the Property.

16         Immediately upon his appointment, the Administrator shall undertake an analysis of

17  whether the Property can be sold for sufficient amounts to provide at least $100 of distribution to

18  Class 6 or below.  In the event the Administrator determines that a sale of the Property will not

19  generate sufficient cash to pay for (1) costs of sale, (2) capital gains tax, (3) allowed secured

20  claims, (4) administrative claims of the post confirmation Reorganized Debtor and the pre-

21  confirmation estates, and (5) $100 to Class 6 creditors, then the Administrator shall negotiate with

22  secured creditors for a release of the Property to one or more of them.  In the event the

23  Administrator determines that the sales price for the Property is likely to be sufficiently high

24  enough to justify an auction of the Property, then the Administrator will retain Eastern

25  Consolidated as the broker and list the Debtor's real property for sale.  Once a stalking horse

26  bidder is identified in the discretion of the Administrator, an overbid auction will be scheduled

27  before the Court, and a sale to the highest bidder will be closed by the Administrator.  Absent the

28  express written consent of Madison, the Administrator shall not be entitled to sell the Debtor's real

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   property if the Supreme Court  for the State of New York, New York County has entered a final

2   judgment of foreclosure and sale in the action known as Index No. 103172/10, *Madison Realty*

3   *Capital, L.P.. v. Nevada Star, LLC, et al.* ("Foreclosure Litigation").  The Administrator shall

4   exercise his best efforts to complete a sale of the Debtor's real property at the highest and best

5   price before the end of the second quarter of 2011.  The sale shall be free and clear of all

6   Raffone's prior rights as owner.  The Administrator shall exercise his best efforts to negotiate fair

7   and reasonable employment terms for Eastern Consolidated and shall present his application to the

8   Court with notice and opportunity to be heard by all creditors.  The only basis for any objection to

9   the employment of Eastern Consolidated shall be an unwaivable conflict or a finding by the Court

10  that employment of Eastern Consolidated would be otherwise unfair or prejudicial to the creditors

11  of these administratively consolidated estates.

12       The Administrator shall also retain an accountant of his choice to determine the amount of

13  capital gains tax that must be reserved from the sales proceeds and to file the estate's final tax

14  returns.  The Administrator shall exercise his best efforts to negotiate fair and reasonable

15  employment terms for the proposed accountant and shall present his application to the Court with

16  notice and opportunity to be heard by all creditors.

17       Raffone, Minuit, Bank of America, N.A., and the debtors' counsel shall have the duty to

18  turn over all books and records and assets to the Administrator.  Assets shall be turned over to the

19  Administrator subject to secured liens and claims.  The Administrator shall have the authority to

20  seek Court orders to enforce this provision.

21       The Administrator shall have the authority, but not the obligation, to retain other

22  professionals and experts, including attorneys, to assist him in fulfilling his obligations under this

23  Plan, which are to liquidate such assets as are necessary to permit all creditors of each estate to be

24  paid on their allowed claims in full, first from the security property attributed to each creditor, and

25  only if required thereafter, from the proceeds of the sale of real and personal property of Raffone.

26  Absent express written consent from such secured creditor, no secured creditor can be compelled

27  to permit its collateral to be used to pay other unsecured creditors, and in lieu thereof, accept

28  payment from assets that are not part of its security prior to the liquidation of its collateral.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    The Administrator shall be expressly permitted to retain as his own counsel the attorney

2  who was counsel for the Committee.  The Administrator can elect to retain post confirmation

3  counsel to assist him in fulfilling his obligations as the Administrator under this Plan and the

4  Order confirming this Plan.  All parties waive any right to contest the Administrator's retention of

5  the Committee's former counsel on any grounds, excepting only hourly rate and fees to be

6  charged.  No objections on the grounds of lack of disinterestedness shall be permitted.  Nothing in

7  this paragraph shall be deemed to waive any party's right to be heard at the time of any application

8  for allowance and payment of fees or expenses by any party or entity.

9    The Administrator shall exercise his best efforts to negotiate fair and reasonable

10  employment terms for his choice of counsel and shall present his application to the Court with

11  notice and opportunity to be heard by all creditors.

12    The Administrator shall be entitled to retain eviction counsel in New York to assist him in

13  his management and operation of the Property prior to sale.  The Administrator shall exercise his

14  best efforts to negotiate fair and reasonable employment terms for such eviction counsel but shall

15  not be required to present any application to the Court with notice and opportunity to be heard by

16  all creditors, and such eviction counsel shall be considered to be employed in the ordinary course

17  of business.

18    The Administrator shall be entitled to locate and take possession, custody and control over

19  any property of the Debtor's estate, including the real property and personal property assets listed

20  on the Debtor's schedules, or any other asset of the Debtor's estate that he may locate.  The

21  Administrator shall be entitled to assert avoidance powers under the Bankruptcy Code, bring on

22  litigation to recover assets from third parties or the Debtor, and subsequently market and liquidate

23  such assets as necessary to fulfill his duties under the Plan.  The Administrator shall have sole

24  discretion to compromise claims, rights and obligations with respect to the assets of the Debtor's

25  estate without notice to parties or the Court, so long as his discretion is exercised reasonably.  Any

26  party who contests the reasonableness of the Administrator's decisions shall seek a hearing on

27  proper notice before the Court.

28

1   The Administrator shall be entitled to locate and take possession, custody and control over

2   any property of the Raffone estate, including the real property and personal property assets listed

3   on Exhibit B hereto, on the Raffone schedules, or any other asset of the Raffone estate that he may

4   locate.  The Administrator shall be entitled to assert avoidance powers under the Bankruptcy

5   Code, bring on litigation to recover assets from third parties or Raffone, and subsequently market

6   and liquidate such assets as necessary to fulfill his duties under the Plan.  The Administrator shall

7   have sole discretion to compromise claims, rights and obligations with respect to the assets of the

8   Raffone estate without notice to parties or the Court, so long as his discretion is exercised

9   reasonably.  Any party who contests the reasonableness of the Administrator's decisions shall seek

10  a hearing on proper notice before the Court.

11  Under this Plan, Bank of America, N.A shall be required by Court order to turn over the

12  security deposits held in the name of Raffone (or any other name, including if held in the name of

13  the individual tenants), relating to the real property of the Debtor's estate, to the Administrator for

14  handling and treatment under this Plan.  The Administrator shall be authorized to take such action

15  as is necessary to compel Bank of America, N.A to release the tenant security deposits to him.

16  The Order confirming this Plan shall provide for turnover over the tenant deposits to the

17  Administrator.

18  Under this Plan, Minuit shall be required by Court order to turn over all cash or cash

19  collateral relating to the real property of the Debtor's estate to the Administrator for handling and

20  treatment under this Plan.  The Administrator shall be authorized to take such action as is

21  necessary to compel Minuit to release all cash to him.  The Order confirming this Plan shall

22  provide for turnover over of cash on hand to the Administrator.  Nothing in this paragraph shall

23  prevent the Administrator from determining whether to keep Minuit employed as the on-site

24  manager for the Property prior to sale or abandonment of the Property, and to permitting Minuit to

25  hold cash collateral as the agent of the Administrator.

26  The Administrator shall be entitled to employ a manager to operate the Property prior to its

27  liquidation.  The Administrator may elect to continue to use Minuit or may use the services of any

28  other qualified manager.  The decision of who to use to manage the Property shall be within the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  sole discretion of the Administrator.  The Administrator shall exercise his best efforts to negotiate

2  fair and reasonable employment terms for such manager but shall not be required to present any

3  application to the Court with notice and opportunity to be heard by all creditors, and such manager

4  shall be considered to be employed in the ordinary course of business.

5  **3.    Use of Cash Collateral**

6  The Administrator shall be permitted to use cash collateral during the post confirmation

7  pre-closing period so long as such cash is only used in accordance with the categories previously

8  approved by Madison in the cash collateral budgets [Docket Nos. 31, 45 and 76], or in accordance

9  with the express terms of this Plan, or with express written consent of Madison.  Without leave of

10  Court, and without notice to creditors, Madison and the Administrator may consent in writing to

11  any additional use of cash collateral that the Administrator feels is in the best interests of all

12  creditors and to assist in the consummation of this Plan.

13  **4.    Post-confirmation Management.**

14  Post-confirmation management will be vested in the Administrator, who shall be David

15  Gould, A Professional Corporation, with an office address located at 23801 Calabasas Road, Suite

16  2032, Calabasas, CA 91302.

17  **5.    Disbursing Agent.**

18  The Administrator shall act as the disbursing agent for the purpose of making all

19  distributions provided for under the Plan.  The Administrator shall serve without bond and shall

20  receive his hourly compensation and reimbursement of actual out of pocket expenses for services

21  rendered and expenses incurred pursuant to the Plan.  Any dispute that arises with respect to the

22  Administrator's fees and expenses shall be determined by the Court, which shall retain jurisdiction

23  to determine such disputes.

24  The Administrator shall give notice of his intent to draw his fees and expenses from the

25  close of escrow of the Property to all parties in interest by first class mail not later than ten (10)

26  calendar days prior to the close of escrow.  Any party who objects to the payment of such noticed

27  amounts must provide a written objection, stating the reasons therefore to the Administrator at

28  least two (2) court days prior to the noticed date for the close of escrow of the Debtor's Property.

1    In the event an objection is received, the escrow and/or title company shall reserve the full

2    amount of the Administrator's requested payment, including any amount of requested reserves,

3    until the Court enters an order finally determining the allowed amount of the Administrator's

4    compensation.  The Administrator shall be entitled to estimate any additional compensation that

5    he feels reasonably certain shall arise out of the need to administer the assets of the Raffone estate

6    and may seek and provide for himself a reserve amount from the proceeds of the Debtor's real

7    Property before the payment of any Classes 6, 7, 8, 9 or 10 claim.

8    **6.    <u>Tender of Possession, or Warrant of Eviction and Judgment of</u>**

9    **<u>Possession Against Raffone.</u>**

10    Raffone shall vacate and tender possession of the Penthouse, Unit 4C and all public areas

11    in the Property, including the parking and/or storage spaces she occupies in the garage, the

12    electrical room and all other locations at the Property where her personal property is located,

13    within twenty (20) calendar days of entry of the confirmation order.  All rights of setoff,

14    counterclaims, defenses or other rights that may be asserted against the issuance of a warrant of

15    eviction and judgment of possession are deemed waived.

16    The Administrator and each creditor holding an allowed secured claim, including but not

17    limited to Madison, shall be entitled to the immediate entry of a warrant of eviction and judgment

18    of possession against Raffone, to be entered by any court of competent jurisdiction, including this

19    Court, in the event that Raffone has not vacated the Property, removed her personal property, and

20    tendered possession as required by the Plan.  In the event the Administrator or any creditor seeks

21    entry of such an order effecting a warrant of eviction and judgment of possession against Raffone,

22    an application may be made to this Court on an ex parte emergency basis upon seven (7) calendar

23    days notice to Raffone.  The only defenses to the entry of such an order by this Court or any other

24    court of compentent jurisdiction shall be the lack of expiration of twenty calendar days from the

25    date of entry of the order of confirmation or the issuance of a stay by a higher court.

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

III.    **TREATMENT OF MISCELLANEOUS ITEMS**

    A.    **Executory Contracts and Unexpired Leases**

        1.    **Assumptions**

Exhibit E sets forth the unexpired leases and executory contracts to be assumed as obligations of the Reorganized Debtor under this Plan (*see* Exhibit E for more detailed information on unexpired leases to be assumed and executory contracts to be assumed).

On the Effective Date, each of the unexpired leases and executory contracts listed on Exhibit E shall be assumed as obligations of the Reorganized Debtor to be operated by the Administrator.  The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  *See* the Disclosure Statement describing this Plan for the specific date.

        2.    **Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:  Any lease or right of possession or occupancy given by Raffone with respect to her real or personal property.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  *See* Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS MARCH 31, 2011.

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

    B.    **Changes in Rates Subject to Regulatory Commission Approval**

This Debtor and Raffone are not subject to governmental regulatory commission approval of its rates.

1    **C.**    <u>**Retention of Jurisdiction.**</u>

2    The Court will retain jurisdiction to the extent provided by law or as provided by this Plan.

3    **IV.**    <u>**EFFECT OF CONFIRMATION OF PLAN**</u>

4    **A.**    <u>**Discharge**</u>

5    This Plan provides that upon confirmation, the Debtor shall be discharged of liability for

6    payment of debts incurred before confirmation of the Plan, to the extent specified in

7    11 U.S.C.§ 1141.  However, any liability imposed by the Plan upon the Debtor or its assets will

8    not be discharged.

9    This Plan provides that Raffone's right to a discharge under 11 U.S.C.§ 1141 shall be

10    determined upon the Court's final adjudication of that certain complaint to determine

11    dischargeability of debt under 11 U.S.C. § 523 filed on July 20, 2010 by Campbell.  However, any

12    liability imposed by the Plan upon Raffone or her assets will not be discharged.

13    **B.**    <u>**Revesting of Property in the Debtor and Raffone**</u>

14    Except as provided in Section IV.E., and except as provided elsewhere in the Plan, the

15    confirmation of the Plan vests all of the property of the Debtor's estate in the Reorganized Debtor

16    under the sole control of the Administrator up to such date on which entry of a final judgment in

17    the Foreclosure Litigation occurs, after which the Foreclosure Litigation judgment shall control

18    over the rights of the Administrator under this Plan.  The Debtor's Property shall either be sold by

19    the Administrator pursuant to this Plan, or shall be adjudicated by the Supreme Court of the State

20    of New York in the Foreclosure Litigation, whichever occurs first.

21    Except as provided in Section IV.E., and except as provided elsewhere in the Plan, the

22    confirmation of the Plan vests all of the property of Raffone's estate in the Reorganized Raffone

23    under the sole control of the Administrator, until such time as the Administrator either

24    (1) abandons any property to Raffone, or (2) determines he has completed his liquidation of

25    property of the estates for the benefit of holders of allowed claims against Raffone and seeks the

26    entry of an order directing the entry of a final decree and the closing of the jointly administered

27    cases based upon his substantial or complete consummation of the Plan.  The Administrator shall

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  have the right to exercise his reasonable discretion to abandon any asset of the Raffone estate at

2  any time.

3  **C.    Modification of Plan**

4  The Proponent of the Plan may modify the Plan at any time before confirmation.

5  However, the Court may require a new disclosure statement and/or revoting on the Plan if

6  proponent modifies the Plan before confirmation.

7  The Proponent of the Plan, the Administrator, the City of New York, any holder of an

8  administrative claim, the United States Trustee, or any unsecured creditor may also seek to modify

9  the Plan at any time after confirmation so long as (1) the Plan has not been substantially

10  consummated, and (2) if the Court authorizes the proposed modifications after notice and a

11  hearing.

12  Campbell shall have no right to seek modification of the Plan.

13  Raffone shall have no right to seek modification of the Plan.

14  **D.    Post-Confirmation Status Report**

15  Within 120 days of the entry of the order confirming the Plan, the Administrator shall file a

16  status report with the Court explaining what progress has been made toward consummation of the

17  confirmed consolidated Plan.  The status report shall be served on the United States Trustee, all

18  secured creditors, the twenty largest unsecured creditors, and those parties who have requested

19  special notice.  Further status reports shall be filed every 120 days and served on the same entities.

20  **E.    Quarterly Fees**

21  **1.    Quarterly Fees of the Debtor**

22  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) prior to the date of confirmation

23  shall be paid to the United States Trustee on or before the Effective Date of the Plan.  Madison's

24  cash collateral that has accrued and is held by Minuit shall be used for such purposes.  In the event

25  there are insufficient funds to pay all quarterly fees that accrued prior the Effective Date of the

26  Plan, Madison shall advance such cash necessary to pay the fees in full on the Effective Date of

27  the Plan and shall be entitled to add such amounts to its Class 2 secured claim.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid by

2   the Administrator to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until

3   entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.  Such

4   payments shall be made from the proceeds of the sale of assets, and only from the cash collateral

5   in the event that the Property will not be sold prior to the close of the second quarter of 2011.  If

6   paid from the cash collateral of Madison, then Madison shall be entitled to add such amounts to its

7   Class 2 secured claim.

8               **2.    Quarterly Fees of Raffone**

9       Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) prior to the date of confirmation

10  shall be paid to the United States Trustee by Madison as a gift to the Raffone estate on or before

11  the Effective Date of the Plan.  Madison shall not add such amounts to its Class 2 secured claim.

12      Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to

13  the United States Trustee by the Administrator in accordance with 28 U.S.C. § 1930(a)(6) until

14  entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.  Such

15  payments shall be made from the proceeds of the sale of Raffone's assets, and only from the cash

16  collateral arising out of the Debtor's Property in the event that the Property will not be sold prior

17  to the close of the second quarter of 2011.  If paid from the cash collateral of Madison, then

18  Madison shall be entitled to add such amounts to its Class 2 secured claim.

19          **F.    Post-Confirmation Conversion/Dismissal**

20      A creditor or party in interest may bring a motion to convert or dismiss the cases under

21  § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court

22  orders the cases converted to Chapter 7 after the Plan is confirmed, then all property that had been

23  property of the Chapter 11 estates, and that has not been disbursed pursuant to the Plan, will revest

24  in the Chapter 7 estates, and the automatic stay will be reimposed upon the revested property only

25  to the extent that relief from stay was not previously granted by the Court during these cases.

26

27

28

1    **G.**        <u>**Final Decree**</u>

2        Once the estates have been fully administered as referred to in Bankruptcy Rule 3022, the

3    Administrator or other party as the Court shall designate in the Plan Confirmation Order, shall file

4    a motion with the Court to obtain a final decree to close the cases.

5

6        */s/ Brian Shatz*
        Signature of Plan Proponent
        Managing member of Madison Realty Capital GP,
7        LLC, the general partner of Madison Realty Capital,
        L.P.

8

9        */s/ Katherine M. Windler*
        Signature of Attorney for Plan Proponent
10        Katherine M. Windler of Bryan Cave LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386