1  ANDRÉ BIROTTE, JR.
   United States Attorney
2  **SANDRA R. BROWN**
   Assistant United States Attorney
3  Chief, Tax Division
   7211 Federal Building
4  300 N. Los Angeles Street
   Los Angeles, CA  90012
5  **MICHAEL W. TAN** (CA Bar Number 245557)
   **VIVIAN BODEY** (CA Bar Number 260883)
6  Special Assistant United States Attorney
   300 N. Los Angeles Street, M/S 9900
7  Los Angeles, CA  90012
   Telephone: (213) 894-3027
8  Facsimile: (213) 894-6548

FILED
MAR 08 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

Attorneys for the United States of America

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>NEVADA STAR, LLC,<br>        Debtor. | Case No.: 2:10-bk-26188-PC<br>(Lead case)<br><br>Administratively consolidated<br>with Case No.: 2:10-bk-27683-PC |
| In re:<br>CLAUDIA RAFFONE,<br>        Debtor. | Adv. No. |
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>v.<br>HENRY DOUGLAS CAMPELL, an individual; BEYS, STEIN & MOBARGHA LLP, a New York limited liability partnership; CASEY CIKLIN LUBITZ MARTENS & O'CONNELL, a Florida general partnership; CHRISTIANSEN & JACKNIN, a Florida general partnership,<br>        Defendants. | CHAPTER 11<br><br>COMPLAINT OF THE UNITED STATES AND ITS AGENCY, THE INTERNAL REVENUE SERVICE, FOR AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547, FOR AVOIDANCE OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548, AND FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 506 |

-1-

Plaintiff United States of America, on behalf of its agency the Internal Revenue Service ("IRS"), alleges as follows:

### I. CASE BACKGROUND, JURISDICTION, AND VENUE

1. On April 26, 2010, Nevada Star, LLC ("Debtor") filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code.[1]

2. On May 4, 2010, Claudia Raffone ("Raffone") filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code.

3. On October 14, 2010, the Court ordered that the cases of the Debtor and Raffone be administratively consolidated.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

5. This action arises under the Bankruptcy Code and the bankruptcy cases of In re Nevada Star, LLC and In re Claudia Raffone presently pending before the United States Bankruptcy Court for the Central District of California.

6. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H), (K), (O).

7. Venue is appropriate in this Court under 28 U.S.C. §§ 1408, 1409.

### II. THE PARTIES

8. Plaintiff United States of America, acting on behalf of its agency the Internal Revenue Service, brings this action in its capacity as a creditor and party in interest.

9. The United States is informed and believes, and based

---

[1] All references to the Bankruptcy Code refer to Title 11 of the United States Code.

thereon alleges, that Defendant Henry Douglas Campbell ("Campbell") is an individual currently residing at 108 East 86th Street #11N, New York, New York 10028.

10. The United States is informed and believes, and based thereon alleges, that Defendant Beys, Stein & Maborgha LLP ("Beys") is a limited liability partnership operating under and by virtue of the laws of the State of New York.

11. The United States is informed and believes, and based thereon alleges, that Defendant Casey Ciklin Lubitz Martens & O'Connell ("Casey") is a general partnership operating under and by virtue of the laws of the States of Florida.

12. The United States is informed and believes, and based thereon alleges, that Defendant Christiansen & Jacknin ("Christiansen") is a general partnership operating under and by virtue of the laws of the State of Florida.

### III. GENERAL ALLEGATIONS

**A. The Debtor**

13. The Debtor is a single asset limited liability company operating under and by virtue of the laws of the State of New York.

14. The Debtor's primary asset is a fifty-unit apartment building in Manhattan located at 114 West 86th Street, Manhattan, New York 10024.

**B. The IRS**

15. On May 25, 2010, the IRS filed a proof of claim against Raffone's bankruptcy estate. The claim was amended on November 16, 2010 to assert a $53,350.99 unsecured priority tax claim and $471,129.65 unsecured general tax claim, for a total claim of

$524,480.64.

**C. Campbell**

16. On August 20, 2010, Campbell filed a proof of claim against the Debtor asserting a secured claim based on a Florida probate court judgment awarding him $2,500,000 in damages, statutory interest, reasonable attorney's fees, and Raffone's 100 percent membership interest in the Debtor.

**D. Beys**

17. On March 12, 2010, the Debtor and Beys signed a retainer agreement for the case <u>Henry Douglas Campbell aka Douglas Campbell v. Nevada Star LLC and Claudia Raffone, which was</u> filed in New York state court.

18. On April 23, 2010, Beys recorded a State of Florida Uniform Commercial Code ("UCC") Financing Statement against the Debtor.

19. On April 23, 2010, Beys recorded a New York UCC Financing Statement against the Debtor.

20. On May 4, 2010, Beys recorded a UCC Fixture Filing with the Office of the City Register of the City of New York.

21. On May 18, 2010, Beys filed a proof of claim against the Debtor asserting a $230,421.88 secured claim based on an attorney's charging lien and UCC-1 lien for services rendered.

**E. Casey**

22. On September 7, 2009, Raffone and Casey signed a retainer agreement for legal services relating to the administration of the estate of Traute Raffone.

23. On March 4, 2010, Casey recorded a State of Florida UCC Financing Statements against the Debtor and against Raffone.

24. On March 4, 2010, Casey recorded New York UCC Financing Statements against the Debtor and against Raffone.

25. On April 28, 2010, Casey recorded a California UCC Financing Statement against the Debtor.

26. On May 27, 2010, Casey filed a proof of claim against the Debtor asserting a $331,668.73 secured claim based on an attorney's charging lien for services rendered.

**F. Christiansen**

27. On September 1, 2009, Raffone and Christiansen entered into a retainer agreement relating to the case entitled <u>Traute Raffone, Deceased v. Claudia Raffone, Petitioner v. Henry Douglas Campbell, Defendant</u>.

28. On March 16, 2010, Christiansen recorded State of Florida UCC Financing Statements against the Debtor and against Raffone.

29. On March 16, 2010, Christiansen recorded a New York UCC Financing Statements against the Debtor and against Raffone.

30. On June 21, 2010, Christiansen filed a proof of claim against the Debtor asserting a $54,281.66 secured claim based on an attorney's charging lien for services rendered.

<u>**IV. FIRST CLAIM FOR RELIEF:**</u>

<u>**AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**</u>

<u>**UNDER 11 U.S.C. §§ 547 AND 551**</u>

31. The United States incorporates by this reference the allegations in paragraphs 1 through 30, inclusive.

**A. Judgment Lien: Campbell**

32. In the attachment to his proof of claim, Campbell asserts that "[o]n February 10, 2010, a Florida state probate

court entered a final judgment on settlement agreement against Debtor."

33. Campbell further asserts that he filed a copy of the Florida judgment "in a [N]ew York State court, as Index No[.] 102015/10" on February 16, 2009.

34. Campbell has not provided sufficient evidence to substantiate that his judgment lien was properly filed under New York state law.

35. Even if Campbell is able to substantiate that his judgment lien was properly filed against the Debtor, the recording of a judgment lien by Campbell would effectuate a transfer of an interest of the Debtor in property pursuant to § 101(54) of the Bankruptcy Code for the benefit of Campbell, the judgment creditor.

36. The purported lien was filed by Campbell on account of an antecedent debt allegedly owed by the Debtor, i.e., the judgment, before the transfer was made.

37. The alleged transfer was made while the Debtor was insolvent.

38. The alleged transfer was made within ninety days before the date of the filing of the Debtor's petition for relief under Chapter 11 of the Bankruptcy Code.

39. The alleged transfer allows Campbell to receive more than he would receive if (a) the case were a Chapter 7 bankruptcy proceeding, (b) the transfer had not been made, and (c) Campbell had received payment of his judgment to the extent provided by the provisions of the Bankruptcy Code.

40. To the extent that the recording of the alleged

judgment lien effectuated a transfer of the interest of the Debtor in property, such transferred may be avoided pursuant to § 547(b) of the Bankruptcy Code.

41. Said transfer is automatically preserved for the benefit of the estate pursuant to § 551 of the Bankruptcy Code.

**B. UCC Filings: Beys**

42. The filing of the UCC Financing Statements and UCC Fixture Filing by Beys creating a lien on the Debtor's property effectuated a transfer of an interest of the Debtor in property pursuant to § 101(54) of the Bankruptcy Code for the benefit of Beys.

43. The liens were filed by Beys on account of an antecedent debt owed by the Debtor, i.e., payment for services rendered, before the transfers were made.

44. The transfers were made while the Debtor was insolvent.

45. The transfers were made within ninety days before the date of the filing of the Debtor's petition for relief under Chapter 11 of the Bankruptcy Code.

46. The transfers allow Beys to receive more than it would receive if (a) the case were a Chapter 7 bankruptcy proceeding, (b) the transfers had not been made, and (c) Beys had received payment of their debt to the extent provided by the provisions of the Bankruptcy Code.

47. To the extent that the UCC Financing Statement and UCC Fixture Filing effectuated transfers of the interest of the Debtor in property, such transfers may be avoided pursuant to § 547(b) of the Bankruptcy Code.

48. Said transfer is automatically preserved for the

benefit of the estate pursuant to § 551 of the Bankruptcy Code.

**C. UCC Filings: Casey and Christiansen**

49. The filing of the UCC Financing Statements by Casey and Christiansen allegedly creating a lien on the Debtor's property would effectuate a transfer of an interest of the Debtor in property pursuant to § 101(54) of the Bankruptcy Code for the benefit of the Casey and Christiansen.

50. The liens were filed by Casey and Christiansen on account of an antecedent debt allegedly owed by the Debtor, i.e., payment for services rendered, before the transfers were made.

51. The transfers were made while the Debtor was insolvent.

52. The transfers were made within ninety days before the date of the filing of the Debtors petition for relief under Chapter 11 of the Bankruptcy Code.

53. The transfers allow Casey and Christiansen to receive more than they would receive if (a) the case were a Chapter 7 bankruptcy proceeding, (b) the transfers had not been made, and (c) Casey and Christiansen had received payment of their debt to the extent provided by the provisions of the Bankruptcy Code.

54. To the extent that the UCC Financing Statements effectuated transfers of the interest of the Debtor in property, such transfers may be avoided pursuant to § 547(b) of the Bankruptcy Code.

55. Said transfers are automatically preserved for the benefit of the estate pursuant to § 551 of the Bankruptcy Code.

**D. Charging Lien: Beys**

56. The signing of the retainer agreement between the

Debtor and Beys creating an attorney's charging lien on the Debtor's property, effectuated a transfer of an interest of the Debtor in property pursuant to § 101(54) of the Bankruptcy Code for the benefit of Beys.

57. The transfer was made on account of an antecedent debt owed by the Debtor, i.e., payment for services rendered, before the transfer was made.

58. The transfer was made while the Debtor was insolvent.

59. The transfer was made within ninety days before the date of the filing of the petition.

60. The transfer allows Beys to receive more than it would receive if (a) the case were a Chapter 7 bankruptcy proceeding, (b) the transfer had not been made, and (c) Beys had received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

61. To the extent that the retainer agreement effectuated a transfer of the interest of the Debtor in property, such transfer may be avoided pursuant to § 547(b) of the Bankruptcy Code.

62. Said transfer is automatically preserved for the benefit of the estate pursuant to § 551 of the Bankruptcy Code.

**E. Charging Lien: Casey and Christiansen**

63. The signing of the retainer agreement between Raffone and Casey and between Raffone and Christiansen allegedly created an attorney's charging lien on the Debtor's property, which, if valid, effectuated a transfer of an interest of the Debtor in property pursuant to § 101(54) of the Bankruptcy Code for the benefit of Casey and Christiansen.

64. The transfer was made on account of an antecedent debt allegedly owed by the Debtor, i.e., payment for services rendered, before the transfer was made.

65. The transfer was made while the Debtor was insolvent.

66. The transfer was made within ninety days before the date of the filing of the Debtor's petition seeking relief under Chapter 11 of the Bankruptcy Code.

67. The transfer allows Casey and Christiansen to receive more than they would receive if (a) the case were a Chapter 7 bankruptcy proceeding, (b) the transfer had not been made, and (c) Casey and Christiansen had received payment of their debts to the extent provided by the provisions of the Bankruptcy Code.

68. To the extent that the retainer agreements effectuated a transfer of the interest of the Debtor in property, such transfer may be avoided pursuant to § 547(b) of the Bankruptcy Code.

69. Said transfers are automatically preserved for the benefit of the estate pursuant to § 551 of the Bankruptcy Code

### V. SECOND CLAIM FOR RELIEF:
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### UNDER 11 U.S.C. §§ 548(a)(1)(B) AND 551

70. The United States incorporates by this reference the allegations in paragraphs 1 through 30, inclusive.

**A. Beys**

71. The Debtor made a transfer of an interest of the Debtor in property to Beys within the meaning of §101(54) of the Bankruptcy Code in the form of a retainer agreement signed with Beys on March 12, 2010.

72. This transfer was made within two years before the date of the filing of the Debtor's petition seeking relief under Chapter 11 of the Bankruptcy Code.

73. The Debtor received less than reasonably equivalent value in exchange for this transfer.

74. The Debtor was insolvent on the date that this transfer was made or became insolvent as a result of this transfer.

75. To the extent that the retainer agreement effectuated a transfer of the interest of the Debtor in property, such transfer may be avoided pursuant to § 548(a) of the Bankruptcy Code.

76. Said transfer is automatically preserved for the benefit of the estate pursuant to § 551 of the Bankruptcy Code.

**B. Casey and Christiansen**

77. The Debtor allegedly made a transfer of an interest of the Debtor in property to Casey and Christiansen within the meaning of §101(54) of the Bankruptcy Code in the form of retainer agreements:

   a. Between Raffone and Casey entered into on September 7, 2009; and
   b. Between Raffone and Christiansen entered into on September 1, 2009.

78. These alleged transfers of an interest of the Debtor in property were made within two years before the date of the filing of the Debtor's petition for relief under Chapter 11 of the Bankruptcy Code.

79. The Debtor received less than reasonably equivalent value in exchange for these transfers.

80. The Debtor was insolvent on the date that these alleged transfers of an interest in the Debtor in property were made or became insolvent as a result of said transfers.

81. To the extent that the retainer agreements effectuated a transfer of the interest of the Debtor in property, such transfers may be avoided pursuant to § 548(a) of the Bankruptcy Code.

82. Said transfers are automatically preserved for the benefit of the estate pursuant to § 551 of the Bankruptcy Code.

## VI. THIRD CLAIM FOR RELIEF:
## LIEN AVOIDANCE UNDER 11 U.S.C. § 506

83. The United States incorporates by this reference the allegations in paragraphs 1 through 30, inclusive.

### A. Campbell

84. Campbell's proof of claim alleges that his lien attaches only to the real and personal property belonging to Raffone.

85. Campbell presently does not have a final judgment against the Debtor or Raffone entitling him to a secured claim against either the Debtor's or Raffone's property.

86. While Campbell alleges he has an interest in Raffone's membership interest in the Debtor, that interest alone does not entitle Campbell to a secured claim against the property of the Debtor.

87. Even if Campbell were able to substantiate the validity of his judgment lien, Campbell does not have a valid secured lien under § 506 of the Bankruptcy Code on the property of the Debtor, specifically the real property located at 114 West 86th

Street, Manhattan, New York 10024.

88. Thus, Campbell's alleged secured claim against the Debtor should be avoided in its entirety.

**B. Casey and Christiansen**

89. Based on their respective retainer agreements and UCC Financing Statements, Casey's and Christiansen's secured claims under 11 U.S.C. § 506(a)(1) are limited to Raffone's real and personal property, not the real property belonging to the Debtor.

90. While Casey and Christiansen may have an interest in Raffone's membership interest in the Debtor, that interest alone does not entitle them to a secured claim against the property of the Debtor.

91. Therefore, Casey and Christiansen do not have valid secured liens under § 506 of the Bankruptcy Code on the property located at 114 West 86th Street, Manhattan, New York 10024.

92. Thus, Casey's and Christiansen's alleged secured claim against the Debtor should be avoided in their entireties.

WHEREFORE, the United States prays for judgment as follows:
<u>On the First Claim for Relief:</u>

1. To the extent that the filing of the judgment lien by Henry Douglas Campbell effectuated a transfer of an interest of the Debtor in property, that such transfer be avoided and preserved for the benefit of the Debtor's estate.

2. To the extent that the filing of the UCC Financing Statement and UCC Fixture Filing by Beys, Stein & Maborgha LLP effectuated transfers of interests of the Debtor in property,

that such transfers be avoided and preserved for the benefit of the Debtor's estate.

3. To the extent that the filing of the UCC Financing Statements by Casey Ciklin Lubitz Martens & O'Connell and Christiansen & Jacknin effectuated transfers of interests of the Debtor in property, that such transfers be avoided and preserved for the benefit of the Debtor's estate.

4. To the extent that the signing of the retainer agreement between the Debtor and Beys, Stein & Maborgha LLP, creating an attorney's charging lien on the Debtor's property, effectuated a transfer of an interest of the Debtor in property, that such transfer be avoided and preserved for the benefit of the Debtor's estate.

5. To the extent that the signing of the retainer agreement between Raffone and Casey Ciklin Lubitz Martens & O'Connell and between Raffone and Christiansen & Jacknin, allegedly creating an attorney's charging lien on the Debtor's property, effectuated a transfer of an interest of the Debtor in property, that such transfer be avoided and preserved for the benefit of the Debtor's estate.

On the Second Claim for Relief:

1. To the extent that the signing of the retainer agreements between the Debtor and Beys, Stein & Maborgha LLP effectuated a transfer of the interest of the Debtor in property, that such transfer be avoided and preserved for the benefit of the Debtor's estate.

2. To the extent that the signing of the retainer agreements between Raffone and Casey Ciklin Lubitz Martens & O'Connell and

between Raffone and Christiansen & Jacknin effectuated transfers of interests of the Debtor in property, that such transfers be avoided and preserved for the benefit of the Debtor's estate.

On the Third Claim for Relief:

1. To the extent that Henry Douglas Campbell's judgment is not a valid secured claim against the Debtor, such claim be avoided in its entirety against the Debtor's property pursuant to 11 U.S.C. § 506(a).

2. To the extent that the retainer agreements and UCC Financing Statements of Casey Ciklin Lubitz Martens & O'Connell and Christiansen & Jacknin are not valid secured claims against the Debtor, such claims be avoided in their entirety against the Debtor's property pursuant to 11 U.S.C. § 506(a).

ANDRÉ BIROTTE, JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DATE: 3/8/11

/s/ Michael W. Tan
MICHAEL W. TAN
Special Assistant United States Attorney

DATE: 3/8/11

/s/ Vivian Bodey
VIVIAN BODEY
Special Assistant United States Attorney
Attorneys for the United States of America

-15-

FORM B104 (08/07)                                                                                                                         2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
United States of America

**DEFENDANTS**
See attachment

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Michael W. Tan and Vivian Bodey, Special Assistant U.S. Attorney
300 N. Los Angeles St., Room 3018, Los Angeles, CA 90012
(213) 894-3027

**ATTORNEYS** (If Known)
See attachment.

RECEIVED
MAR 08 2011
CLERK U S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor    ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor    ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance of preferential transfers pursuant to 11 U.S.C. § 547; avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548; lien avoidance pursuant to 11 U.S.C. § 506

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[3] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

(continued next column)

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint
Demand $

**Other Relief Sought**
Avoidance of preferential transfers, avoidance of fraudulent transfers, lien avoidance

FORM B104 (08/07), page 2                                                                 2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | |
|---|---|
| **NAME OF DEBTOR** <br> Nevada Star, LLC | **BANKRUPTCY CASE NO.** <br> 2:10-bk-26188 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** | **NAME OF JUDGE** <br> Peter Carroll |

| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* | |
|---|---|
| **DATE** <br> 3/8/11 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Michael W. Tan |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

## Attachment to Adversary Proceeding Cover Sheet (Form B104)

| **DEFENDANTS** | **ATTORNEYS** |
|---|---|
| Henry Douglas Campbell,<br>an individual<br>108 East 86th Street #11N<br>New York, New York 10028 | R. Gibson Pagter, Jr.<br>Pagter and Miller<br>525 N. Cabrillo Park Dr., Suite 104<br>Santa Ana, CA 92705<br>(714) 541-6072 |
| Beys, Stein & Mobargha LLP,<br>a New York limited liability partnership<br>900 Broadway, Suite 801<br>New York, NY 10003<br>(646) 383-3667 | Beys, Stein & Mobargha LLP<br>900 Broadway, Suite 801<br>New York, NY 10003<br>(646) 383-3667 |
| Casey Ciklin Lubitz Martens & O'Connell,<br>a Florida general partnership<br>515 N. Flagler Drive, 20th Floor<br>West Palm Beach, FL 33401<br>(561) 832-5900 | Brian M. O'Connell<br>Casey Ciklin Lubitz Martens & O'Connell<br>515 N. Flagler Drive, 20th Floor<br>West Palm Beach, FL 33401<br>(561) 832-5900 |
| Christiansen & Jacknin,<br>a Florida general partnership<br>1555 Palm Beach Lakes Blvd., Suite 1010<br>West Palm Beach, FL 33401<br>(561) 655-0535 | Jay Jacknin<br>Christiansen & Jacknin<br>1555 Palm Beach Lakes Blvd., Suite 1010<br>West Palm Beach, FL 33401<br>(561) 655-0535 |

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Michael W. Tan (CA Bar Number 245557)<br>Vivian Bodey (CA Bar Number 260883)<br>Special Assistant United States Attorney<br>300 N. Los Angeles St., Room 3018<br>Los Angeles, CA 90012<br>Telephone: (213) 894-3027<br>Facsimile: (213) 894-6548<br><br>*Attorney for Plaintiff* United State of America | **RECEIVED**<br>**MAR 08 2011**<br>CLERK U S BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Nevada Star, LLC | CHAPTER 11 |
|---|---|
|  | CASE NUMBER 2:10-bk-26188-PC |
| Debtor. | ADVERSARY NUMBER |
| United States of America<br>Plaintiff(s),<br>vs.<br>Henry Douglas Campbell et al.<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

Date of Issuance: _____

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

**F 7004-1**