**BRYAN CAVE LLP**
Katherine M. Windler, California Bar No. 158899
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:      (310) 576-2100
Facsimile:      (310) 576-2200
Email:          katherine.windler@bryancave.com

Attorneys for Madison Realty Capital LP

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.  2:10-bk-26188-PC (Lead Case) |
| | Administratively Consolidated with Case No. 2:10-bk-27683-PC |
| NEVADA STAR, LLC, | Hon. Peter Carroll |
| Debtor. | Chapter 11 |
| Tax ID / EIN: 68-0658426 | **NOTICE OF FILING OF REDLINED PAGES TO:** |
| | **(1) SECOND AMENDED DISCLOSURE STATEMENT DESCRIBING SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR NEVADA STAR LLC; and** |
| In re | **(2) SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR NEVADA STAR LLC** |
| CLAUDIA RAFFONE, | |
| Debtor. | |
| | **Hearing on Second Amended Disclosure Statement** |
| | Date:     April 13, 2011 |
| | Time:     9:30 a.m. |
| | Ctrm:     1539 |
| | U.S. Bankruptcy Court |
| | 255 E. Temple Street, 15th Floor |
| | Los Angeles, CA 90012 |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  TO ALL CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN

2  INTEREST:

3  PLEASE TAKE NOTICE that on April 11, 2011, Madison Realty Capital, L.P.

4  ("Madison") for the bankruptcy estate of Nevada Star, LLC ("Debtor") filed proposed non

5  material changes to the form of Second Amended Disclosure Statement Describing Chapter 11

6  Plan Of Liquidation for Nevada Star LLC [Doc. No. 256] (the "Second Amended Disclosure

7  Statement"), and the Second Amended Chapter 11 Plan Of Liquidation for Nevada Star LLC[Doc.

8  No. 255] (the "Second Amended Plan").

9  The changes requested by creditors to the Second Amended Disclosure Statement are

10  attached hereto at Exhibit "1" in redline form so that all parties in interest can evaluate them.

11  The changes requested by creditors to the Second Amended Plan are attached hereto at

12  Exhibit "2" in redline form so that all parties in interest can evaluate them

13  NOTICE IS FURTHER GIVEN that a hearing has been set on April 13, 2011, at 9:30 a.m.,

14  before the Honorable Peter Carroll, United States Bankruptcy Judge, in Courtroom 1539 of the

15  United States Bankruptcy Court, located at 255 E. Temple Street, 15th Floor, Los Angeles, CA

16  90012, to consider the adequacy of the Second Amended Disclosure Statement. At this hearing,

17  Madison will ask the Court to include the redlined changes at Exhibits "1" and "2" hereto to be

18  adopted in the Second Amended Disclosure Statement and the Second Amended Plan.

19
20  BRYAN CAVE LLP

21
22  /s/ Katherine M. Windler
   Katherine M. Windler
23  Attorney for Madison Realty Capital, L.P.

24

25

26

27

28

# EXHIBIT 1

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | Secured claim of senior secured real estate taxes | No | Yes<br>Claim, less penalties, paid in full at the close of escrow. | • Pymt interval = Single; see means for effectuating the plan at section III(D) hereof. |
| | • Name= New York City Department of Finance | | | • Pymt amt/interval = Allowed amount of claim/one payment. |
| | • Collateral description = Debtor's Property. | | | • Balloon pymt = No. |
| | • Collateral value = $18MM | | | • Begin date = on Effective Date |
| | • Priority of security int. = first | | | • End date = Final determination of allowed amount of claim. |
| | • Principal owed = approx $1,072,709.71 (includes known interest and penalties through 1.1.11)[5] | | | • Interest rate % = statutory<br>• Penalties will not be paid as a Class 1 claim but will be paid as a Class 12 claim |
| | • Pre-pet. Arrearage amount = $unknown. | | | • Total payout = 100% of allowed amount of claim excluding penalties |
| | • Post-pet. Arrearage amount = $unknown. | | | • Treatment of Lien = Lien terminated and extinguished upon close of escrow, transferred to proceeds until final determination of claim. |
| | • Total claim amount = approx $1,072,709.71 (includes known interest and penalties through 1.1.11) | | | Only allowed amount of claim, after appeal, and without penalties or interest on penalties, will be paid in Class 1. |

Under this Plan, the payment to creditors in Class 1 shall be paid at the close of escrow. Penalties or interest on penalties of the Class 1 claim will be paid in Class 12. Upon payment of Class 1, less penalties and interest on penalties, the tax lien of the New York City Department of Finance shall be released. Any right to pursue an appeal against the New York City Department of Finance, reducing the tax obligation of the Debtor shall vest exclusively with the United States.

---

[5]    Campbell believes this claim may only be allowed in a maximum amount of $459,070 because a proof of claim was filed by this claimant in that amount. Madison however believes that a higher amount is warranted for purposes of disclosure as (i) the filed claim only applies to the second half of 2009 and the first half of 2010, and additional amounts have accrued since that time, and (ii) the creditor's website states this higher amount. The IRS, who will receive an assignment of this right to seek a refund of any overpayment of the claim from the Administrator, may undertake efforts to reduce the amount of the claim. Accordingly, the ultimate amount remains uncertain.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Administrator.  Certain junior secured creditors have allocated only $35,000 in administrative cost

2  to the Administrator because they anticipate that he will only pursue recovery of this assets, if at

3  all, on a contingency basis.

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 2 | Secured claim of senior secured lender holding voluntary lien | No | Yes<br>Claim paid in full at the close of escrow. | • Pymt interval = Single; see means for effectuating the plan at section III(D) hereof. |
| | • Name= Madison Realty Capital, L.P. | | | • Pymt amt/interval = Allowed amount of claim/one payment, pursuant to payoff demand submitted to escrow. |
| | • Collateral description = Debtor's Property. | | | • Balloon pymt = No. |
| | • Collateral value = $18MM | | | • Begin date = Close of escrow |
| | • Priority of security int. = second (recorded 9.23.08) | | | • End date = Close of escrow. |
| | • Principal owed = $7,583,012.02 | | | • Interest rate % = contract rate of 24%, reduced to 12.75% from April 30 to May 31, 2011 only in event payment occurs prior to May 31, 2011 |
| | • Pre-pet. Arrearage amount = $1,039,943.10.+ | | | • Total payout = 100% of settled amount of claim, less agreed upon reduction from Exhibit C, if paid by no later than May 31, 2011. |
| | • Post-pet. Arrearage amount = at least $1,943,107.88 as of March 31, 2011. | | | • Treatment of Lien = Lien terminated and extinguished upon payment. |
| | • Total claim amount = flat settlement amount of $10,750,000 as of April 30, 2011, plus amounts accrued after April 30, 2011 for interest and fees and after February 1, 2011 for attorneys' fees and costs. | | | If paid on or before May 31, 2011, then Madison will agree to a discount of its claim payment amount, which would then be $10,750,000, plus accrued interest at nominal rate for month of May 2011, plus any amounts actually incurred and billed in attorneys fees from March 1, 2011 through closing. |

25      Madison shall be paid the agreed upon settlement amount from the close of escrow upon

26  submission of a payoff demand to the title company selected by the Administrator.  Madison shall

27  provide in its payoff demand a request for the sum of $10,750,000.00 as the flat the amount owed

28  under the settlement at Exhibit C, plus all interest fees and other charges under its loan documents

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  lien, liability, matter, cause, fact, thing, act or omission whatever, occurring or existing at any time

2  up to and including the date of this Plan (all of which are referred to as "Released Matters").

3     Included in the term Released Matters shall be a full release of any lawyer or law firm

4  whose claim is treated in this Plan that was previously employed by the Debtor is released from all

5  future representation of same as if terminated and has no further obligation to the Debtor.

6     Except as specifically carved out above, it is the intention of the parties in jointly

7  formulating and voting for this Plan, and in paying and receiving the consideration called for by

8  this Plan, that this Plan and the general release by the all affected parties shall be effective as a full

9  and final accord and satisfaction and general release of and from any claims, damages, debts,

10 liabilities, accounts, obligations, costs, expenses, liens, accounts, and causes of action of every

11 kind and nature whatever, whether now known or unknown, suspected or unsuspected, specified

12 herein as "Released Matters."

13 **F.**   **Means of Effectuating the Plan.**

14    **1.**   **Debtor's Alternative**

15    The Debtor believes that a more appropriate plan of reorganization would be that a more

16 appropriate plan would be to develop the Property into condominiums, provide Raffone with a life

17 estate to the penthouse at no charge and pay her a monthly stipend of $4,000.  Creditors of the

18 Debtor rejected this approach.

19    **2.**   **Funding for the Plan.**

20    The Plan will be funded by the following:  (1) turnover of cash from Kahn the duly

21 appointed state court receiver, including any tenant deposits he may be holding at the time of

22 confirmation, (2) turnover of tenant deposits in possession of Minuit, Bank of America, N.A.,

23 Campbell and/or Raffone, if any, and (3) sale of the Property.

24    Kahn will be permitted to turnover funds to the Administrator in two stages.  At the

25 Effective Date, Kahn shall turn over all funds not necessary to pay final vendor bills during his

26 administration, costs for closing the receivership estate and payments due to Kahn for his

27 receivership services.  Kahn shall expeditiously move for entry of an order closing the

28 receivership estate, and within a commercially reasonable time, shall pay all outstanding charges

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    and costs of the receivership estate as ordered by the New York court, and then shall promptly pay

2    any withheld balance to the Administrator.

3    **3.    Requirement of Tax Election**

4    Under this Plan, for taxable year 2011, the Debtor is a disregarded entity and no separate

5    taxable estate is created under 26 U.S.C. § 1399.  The Administrator will file the required

6    information return reporting the taxable income for the owner of the Debtor's interests, the

7    Raffone bankruptcy estate.  The Bankruptcy Court has previously ordered that the owner of all

8    membership interests in the Debtor is the estate of Raffone, and thus the Raffone estate shall be

9    liable for any 2011 post petition administrative taxes.  26 U.S.C. § 1399; In re KRSM Properties,

10   LLC, 318 B.R. 712, 719 (9th Cir. Bankr. 2004) (*citing* 26 C.F.R. § 301.7701-3(a)).

11   **4.    Post Confirmation Authority of Administrator**

12   The Plan provides for the appointment of a post confirmation Administrator, Samuel

13   Biggs.  The Administrator's employment shall be governed by the terms of this Plan.

14   Upon entry of the Confirmation Order, the chapter 11 estate shall be deemed to continue

15   unabated until entry of a final decree.  The post-confirmation estate shall be vested with title to all

16   assets of the estate, whether or not disclosed, including but not limited to, all assets listed on the

17   Debtor's schedules, any and all causes of action belonging to the estate and all cash on hand in the

18   Debtor's accounts, and all other assets that may be located by the Administrator.

19   Post confirmation, the Administrator shall maintain insurance on the Property at all times,

20   listing Madison as mortgagee and loss payee on the property insurance and as mortgagee and

21   additional insured on the liability insurance until paid.

22   Post confirmation, the Administrator shall be the sole owner of the Property in the hands of

23   the Reorganized Debtor.  Raffone shall not be considered the owner of the Property for any

24   purpose, under any applicable non bankruptcy law.  Nothing in this paragraph shall prevent

25   Raffone from retaining her interest as a member of Class 13, however, there can be no distribution

26   of cash to Raffone until ***after*** satisfaction of all claims under this Plan, including, but not limited

27   to, payment in full of Classes 1-12.  At all times prior to the satisfaction of all claims under this

28   Plan, Raffone shall not be the owner of the Property.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**G.      Risk Factors.**

This proposed Plan has the following risks:  The primary Plan risk is the inability to close a sale for an amount sufficient to pay all creditors as proposed.  However, the Plan takes this into account by providing for a sharing of the additional liabilities as set forth on Exhibit C to this Plan.

**IV.      OTHER PROVISIONS OF THE PLAN.**

**A.      Executory Contracts and Unexpired Leases.**

**1.      Assumptions.**

Exhibit D sets forth the unexpired leases and executory contracts that any buyer may elect to be assumed as obligations of the Reorganized Debtor under this Plan (*see* Exhibit D for more detailed information on unexpired leases to be assumed and executory contracts to be assumed).

~~At~~Except as otherwise set forth herein, at the sole election of the buyer of the Property, on the Effective Date, each of the unexpired leases and executory contracts listed on Exhibit D shall be assumed as obligations of the Reorganized Debtor.  In the event the buyer elects to assume such contracts, the Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  *See* the Disclosure Statement describing this Plan for the specific date.

Nothing in this Plan shall be construed to allow the rejection of tenant leases and any buyer shall take the building subject to existing tenant leases.

**2.      Rejections.**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:  Any lease or contract the buyer does not wish to assume and any lease or right of possession or occupancy given by Raffone with respect to her real or personal property.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  *See* Disclosure Statement for the specific date.

# EXHIBIT 2

1        Under this Plan, the payment to creditors in Class 1 shall be paid at the close of escrow.

2 Penalties or interest on penalties of the Class 1 claim will be paid in Class 12.  Upon payment of

3 Class 1, less penalties and interest on penalties, the tax lien of the New York City Department of

4 Finance shall be released.  Any right to pursue an appeal against the New York City Department

5 of Finance, reducing the tax obligation of the Debtor shall vest exclusively with the ~~United States.~~

6 Administrator.  Certain junior secured creditors have allocated only $35,000 in administrative cost

7 to the Administrator because they anticipate that he will only pursue recovery of this assets, if at

8 all, on a contingency basis.

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 2 | Secured claim of senior secured lender holding voluntary lien | No | Yes Claim paid in full at the close of escrow. | • Pymt interval = Single; see means for effectuating the plan at section III(D) hereof. |
| | • Name= Madison Realty Capital, L.P. | | | • Pymt amt/interval = Allowed amount of claim/one payment, pursuant to payoff demand submitted to escrow. |
| | • Collateral description = Debtor's Property. | | | • Balloon pymt = No. |
| | • Collateral value = $18MM | | | • Begin date = Close of escrow |
| | • Priority of security int. = second (recorded 9.23.08) | | | • End date = Close of escrow. |
| | • Principal owed = $7,583,012.02 | | | • Interest rate % = contract rate of 24%, reduced to 12.75% from April 30 to May 31, 2011 only in event payment occurs prior to May 31, 2011 |
| | • Pre-pet. Arrearage amount = $1,039,943.10.+ | | | • Total payout = 100% of settled amount of claim, less agreed upon reduction from Exhibit C, if paid by no later than May 31, 2011. |
| | • Post-pet. Arrearage amount = at least $1,943,107.88 as of March 31, 2011. | | | • Treatment of Lien = Lien terminated and extinguished upon payment. |
| | • Total claim amount = flat settlement amount of $10,750,000 as of April 30, 2011, plus amounts accrued after April 30, 2011 for interest and fees and after February 1, 2011 for attorneys' fees and costs. | | | If paid on or before May 31, 2011, then Madison will agree to a discount of its claim payment amount, which would then be $10,750,000, plus accrued interest at nominal rate for month of May 2011, plus any amounts actually incurred and billed in attorneys fees from March 1, 2011 through |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386

1    hold, or at any time previously had, owned or held, or could, shall or may later have, own, or hold

2    against any other party, based upon, related to or by reason of any matter, cause, fact, act or

3    omission related to or by reason of any contract (express, implied in fact or implied by law), tort,

4    lien, liability, matter, cause, fact, thing, act or omission whatever, occurring or existing at any time

5    up to and including the date of this Plan (all of which are referred to as "Released Matters").

6         Included in the term Released Matters shall be a full release of any lawyer or law firm

7    whose claim is treated in this Plan that was previously employed by the Debtor is released from all

8    future representation of same as if terminated and has no further obligation to the Debtor.

9         Except as specifically carved out above, it is the intention of the parties in jointly

10   formulating and voting for this Plan, and in paying and receiving the consideration called for by

11   this Plan, that this Plan and the general release by the all affected parties shall be effective as a full

12   and final accord and satisfaction and general release of and from any claims, damages, debts,

13   liabilities, accounts, obligations, costs, expenses, liens, accounts, and causes of action of every

14   kind and nature whatever, whether now known or unknown, suspected or unsuspected, specified

15   herein as "Released Matters."

16   **F.    Means of Performing the Plan.**

17        **1.    Funding for the Plan.**

18        The Plan will be funded by the following:  (1) turnover of cash from Kahn the duly

19   appointed state court receiver, including any tenant deposits he may be holding at the time of

20   confirmation, (2) turnover of tenant deposits in possession of Minuit, Bank of America, N.A.,

21   and/or Raffone, if any, and (3) sale of the Property.

22        Kahn will be permitted to turnover funds to the Administrator in two stages.  At the

23   Effective Date, Kahn shall turn over all funds not necessary to pay final vendor bills during his

24   administration, costs for closing the receivership estate and payments due to Kahn for his

25   receivership services.  Kahn shall expeditiously move for entry of an order closing the

26   receivership estate, and within a commercially reasonable time, shall pay all outstanding charges

27   and costs of the receivership estate as ordered by the New York court, and then shall promptly pay

28   any withheld balance to the Administrator.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386

22

Exhibit 2 - Page 9

**G.**     **Risk Factors.**

This proposed Plan has the following risks:  The primary Plan risk is the inability to close a sale for an amount sufficient to pay all creditors as proposed.  However, the Plan takes this into account by providing for a sharing of the additional liabilities as set forth on Exhibit C to this Plan.

**III.**     **TREATMENT OF MISCELLANEOUS ITEMS**

**A.**     **Executory Contracts and Unexpired Leases**

**1.**     **Assumptions**

Exhibit D sets forth the unexpired leases and executory contracts that any buyer may elect to be assumed as obligations of the Reorganized Debtor under this Plan (*see* Exhibit D for more detailed information on unexpired leases to be assumed and executory contracts to be assumed).

~~At~~Except as otherwise set forth herein, at the sole election of the buyer of the Property, on the Effective Date, each of the unexpired leases and executory contracts listed on Exhibit D shall be assumed as obligations of the Reorganized Debtor.  In the event the buyer elects to assume such contracts, the Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  *See* the Disclosure Statement describing this Plan for the specific date.

Nothing in this Plan shall be construed to allow the rejection of tenant leases and any buyer shall take the building subject to existing tenant leases.

**2.**     **Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:  Any lease or contract the buyer does not wish to assume and any lease or right of possession or occupancy given by Raffone with respect to her real or personal property.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  *See* Disclosure Statement for the specific date.

Exhibit 2 - Page 10

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**120 Broadway, Suite 300, Santa Monica, CA 90401**

A true and correct copy of the foregoing document described as ***NOTICE OF FILING OF REDLINED PAGES TO:(1) SECOND AMENDED DISCLOSURE STATEMENT DESCRIBING SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR NEVADA STAR LLC; and (2) SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR NEVADA STAR LLC*** will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***April 11, 2011,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***April 11, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**BY US MAIL**

**Debtor**
Nevada Star, LLC
c/o Claudia Raffone
1401 Claridge Drive
Beverly Hills, CA 90210

United States Trustee (LA)
Attention: Russell Clementson
725 S. Figueroa St. 26th Floor
Los Angeles, CA 90017

☐  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***April 11, 2011,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Peter Carroll
United States Bankruptcy Court
255 E Temple Street,
Courtroom 1539
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 11, 2011 | Michael M. Mason | /s/ Michael M. Mason |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                 **F 9013-3.1.PROOF.SERVICE**
822135.7

## Additional Service Information
## VIA NOTICE OF ELECTRONIC FILING (NEF)

Michael Jay Berger on behalf of Debtor Claudia Raffone (michael.berger@bankruptcypower.com);
Russell Clementson on behalf of U.S. Trustee United States Trustee (LA) (russell.clementson@usdoj.gov);
United States Trustee (LA) (ustpregion16.la.ecf@usdoj.gov.)
Lewis R Landau on behalf of Creditor Committee Creditors Committee of Nevada Star, LLC (lew@landaunet.com),
R G Pagter on behalf of Creditor Henry Campbell (gibson@pagterandmiller.com, pandm@pagterandmiller.com;
Thomas M. Geher (tmg@jmbm.com)
Brett A. Axelrod on behalf of Fox Rothschild LLP (baxelrod@foxrothschild.com, mrustia@foxrothschild.com)
David L. Neale on behalf of Creditor Beys , Stein & Mobargha LLP (dln@lnbrb.com, kjm@lnbrb.com)
Sandor T. Boxer on behalf of Creditor Castle Oil Corporation (tedb@tedboxer.com)
Michael W. Tan on behalf of Creditor United States of America, IRS (michael.w.tan@irscounsel.treas.gov)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

822135.7

**F 9013-3.1.PROOF.SERVICE**