**BRYAN CAVE LLP**
Katherine M. Windler, California Bar No. 158899
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:     (310) 576-2100
Facsimile:     (310) 576-2200
Email:          katherine.windler@bryancave.com

Attorneys for Madison Realty Capital LP

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No.  2:10-bk-26188-PC (Lead Case) |
| NEVADA STAR, LLC, | Administratively Consolidated with Case No. 2:10-bk-27683-PC |
| Debtor. | Hon. Peter Carroll |
| Tax ID / EIN: 68-0658426 | Chapter 11 |
| | **MADISON REALTY CAPITAL, L.P.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR NEVADA STAR LLC** |
| In re | |
| CLAUDIA RAFFONE, | **Plan Confirmation Hearing** |
| Debtor. | Date:     May 4, 2011 |
| | Time:     1:00 p.m. |
| | Ctrm:     1539 |
| | U.S. Bankruptcy Court |
| | 255 E. Temple Street, 15th Floor |
| | Los Angeles, CA 90012 |

SM01DOCS\834238.2

1

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................. 1

II.     BALLOT TALLY ................................................................................................. 1

III.    ARGUMENTS AND AUTHORITIES ................................................................. 1

        A.      Madison Believes It Will Not Be Required to Satisfy Section 1129(b) .................. 2

        B.      Madison's Plan Satisfies the "Cram Down" Standards of Section
                1129(b)(2)(A) of the Code with Respect to Secured Claims. .............................. 2

        C.      The Plan Does Not Propose Any Third-Party Injunction and Release
                Provisions Prohibited Under Ninth Circuit Law. ................................................. 3

        D.      The Plan is "Feasible." ......................................................................................... 4

        E.      The Plan Satisfies Section 1129 of the Code. ....................................................... 4

        F.      The Plan Provides Proper Classification for Class 12 Creditors .......................... 4

        G.      Raffone's Remaining Objections are Not Well Founded ....................................... 8

IV.     CONCLUSION ..................................................................................................... 9

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CONFIRMATION OF SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION

## **TABLE OF AUTHORITIES**

Page(s)

### **CASES**

*Citicorp Venture Capital, Ltd. v. Comm. of Creditors Holding Unsecured Claims*,
  160 F.3d 982 (3rd Cir. 1998) ............................................................................ 5

*In re Am. Hardwoods, Inc.*,
  885 F.2d 621 (9th Cir. 1989) ......................................................................... 3, 7

*In re Burden*,
  917 F.2d 115 (3d Cir. 1990) ............................................................................ 5

*In re Corey*,
  892 F.2d 829 (9th Cir. 1989) ........................................................................... 2

*In re Filtercorp, Inc.*,
  163 F.3d 570 (9th Cir. 1998) ........................................................................... 5

*In re Hotel Mt. Lassen, Inc.*,
  207 B.R. 935 (Bankr. E.D. Cal. 1997) ............................................................. 3

*In re Lazar*,
  83 F.3d 306 (9th Cir. 1996) ............................................................................ 5

*In re Lowenschuss*,
  67 F.3d 1394 (9th Cir. 1995), *cert denied*, 517 U.S. 1243 (1996) ................. 2, 3

*In re Perez*,
  30 F.3d 1209 (9th Cir. 1994) ........................................................................... 2

*In re Schultz Broadway Inn, Ltd.*,
  89 B.R. 43 (Bankr. W.D. Mo. 1988), af'd, 912 F.2d 230, 231 (8th Cir. 1990) ......... 7

*In re Stolrow's, Inc.*,
  84 B.R. 167 (9th Cir. BAP 1988) ..................................................................... 2

*In re Valley View Shopping Center, L.P.*,
  260 B.R. 10 (Bankr. D. Kan. 2001) ................................................................. 2

*In re Virtual Network Services Corp.*,
  902 F.2d 1246 (7th Cir. 1990) ...................................................................... 5, 6

*In re Westgate-California Corp.*,
  642 F.2d 1174 (9th Cir.1981) .......................................................................... 5

*La Grand Steel Prods. Co. v. Goldberg*
  *(In re Poole, McGonigle & Dick, Inc.)*, 796 F.2d 318 (9th Cir.), *modified*, 804
  F.2d 576 (9th Cir. 1988) .................................................................................. 5

*Matter of Fabricators, Inc.*,
  926 F.2d 1458 (5th Cir.1991) .......................................................................... 5

*Pepper v. Litton*,
  308 U.S. 295, 60 S.Ct. 238 (1939) .................................................................. 5

*Schultz Broadway Inn v. United States*,
  912 F.2d 230 (8th Cir. 1990) ........................................................................... 5

*State of Washington v. Hovan, Inc. (In re Hovan, Inc.)*,
  96 F.3d 1254 (9th Cir. 1996) ........................................................................... 7

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

*U.S. v. Noland*,
   517 U.S. 535 (1996) ........................................................................................ 8

*United States v. Mansfield Tire & Rubber Co. (In re Mansfield Tire & Rubber Co.)*,
   80 B.R. 395 (Bankr. N.D. Ohio 1987) ........................................................ 7

*United States v. Reorganized CF & I Fabricators of Utah, Inc.*,
   518 U.S. 213 (1996) ...................................................................................... 7

## STATUTES

11 U.S.C. § 101 ............................................................................................... 1

11 U.S.C. § 1129 ......................................................................................... 1, 4

11 U.S.C. § 1129(a) ..................................................................................... 1, 2

11 U.S.C. § 1129(a)(1) ..................................................................................... 2

11 U.S.C. § 1129(a)(11) ................................................................................... 4

11 U.S.C. § 1129(a)(3) ..................................................................................... 2

11 U.S.C. § 1129(b) ......................................................................................... 2

11 U.S.C. § 1129(b)(2)(A) ............................................................................... 2

11 U.S.C. § 1129(b)(2)(A)(i) ........................................................................... 3

11 U.S.C. § 1129(b)(2)(A)(ii) .......................................................................... 3

11 U.S.C. § 1129(b)(2)(A)(iii) ......................................................................... 3

11 U.S.C. § 363(k) ........................................................................................... 3

11 U.S.C. § 510(c) ....................................................................................... 4, 8

11 U.S.C. §§  1129(a)(1)-(16) .......................................................................... 1

## OTHER AUTHORITIES

124 Cong. Rec. 32,412 .................................................................................... 5

1978 U.S.C.C.A.N. at 6452 ............................................................................. 5

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CONFIRMATION OF SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# I.  INTRODUCTION

Nevada Star, LLC ("Nevada Star" or "Debtor") is the Debtor in a Chapter 11 bankruptcy case known as 2:10-bk-26188-PC.  On April 26, 2010, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 *et seq*.  The Debtor's principal asset is a parcel of real property located at 114 West 86th Street in New York City, N.Y. and all fixtures and incidental personal property that is used for the operations and maintenance of the building (the "Property").  Claudia Raffone ("Raffone"), an individual, is a debtor in the administratively consolidated Chapter 11 bankruptcy case known as 2:10-bk-27683-PC.  On May 4, 2010, Raffone filed a voluntary petition under chapter 11 of the Bankruptcy Code.  On October 14, 2010, the Court ordered the cases of the Debtor and Raffone to be administratively consolidated [Debtor Dkt No. 146; Raffone Dkt No. 29].  **This memorandum in support of the confirmation of the plan does not apply to the Raffone bankruptcy estate**.

This document is the Memorandum ("Memorandum") In Support of Confirmation of the Second Amended Chapter 11 Plan of Liquidation which will be dated May 4, 2011 ("Plan") proposed by Madison Realty Capital, L.P. ("Madison" or the "Proponent").  It applies only to the Nevada Star case.

# II.  BALLOT TALLY

The final ballot tally will be set forth in the Declaration of Katherine Windler in Support of Confirmation of the Second Amended Plan of Liquidation for Nevada Star, LLC to be filed on or before May 2, 2011.  However, at present, 21 ballots have been received and all 21 have voted in favor of accepting the Plan.  To date, the accepting votes represent 100% of the total value voting. No creditor has voted against the Plan.

# III.  ARGUMENTS AND AUTHORITIES

Section 1129 of the Bankruptcy Code sets forth the requirements for confirmation of a chapter 11 plan.  Section 1129(a) provides that a court shall confirm a plan only if all of the requirements contained in Sections 1129(a)(1) through (16) are met.  11 U.S.C. § 1129(a).  The plan proponent bears the burden of proof to establish that the plan meets each of these

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  requirements. *See In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 22 (Bankr. D. Kan.

2  2001); *In re Perez*, 30 F.3d 1209, 1214 (9th Cir. 1994).

3      Pursuant to Section 1129(a)(1), a chapter 11 plan cannot be confirmed unless it complies

4  with all applicable provisions of the Bankruptcy Code. *In re Lowenschuss,* 67 F.3d 1394, 1401

5  (9th Cir. 1995), *cert denied*, 517 U.S. 1243 (1996).  Section 1129(a) also requires that the plan be

6  proposed in good faith and not by any means forbidden by law.  11 U.S.C. §1129(a)(3).  In order

7  to satisfy the requirement of good faith, the plan "must be intended to achieve a result consistent

8  with the objectives of the Bankruptcy Code." *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989).  The

9  court must assess the plan proponent's good faith under the totality of the circumstances, and

10 based on fundamental fairness in dealing with creditors.  *In re Stolrow's, Inc.*, 84 B.R. 167, 172

11 (9th Cir. BAP 1988).  Because Madison has fully complied with these provisions, the Plan should

12 be confirmed.

13      **A.      Madison Believes It Will Not Be Required to Satisfy Section 1129(b)**

14      Madison expects that every class will accept, or be deemed to have accepted, the Plan.  In

15 light of the voting to date, it appears that more than one-half (1/2) in number and at least two-

16 thirds (2/3) in dollar amount of the claims which will actually vote, will vote in favor of the Plan.

17 Because Class 13 consisting of equity interests is not impaired and Raffone's rights as an interest

18 holder are not affected, Class 13 is deemed to have accepted the Plan and the Court need not apply

19 the rule of two-thirds (2/3) in amount of the interest-holders voted to accept the Plan.  The Plan

20 does not propose to dissolve the Debtor.  The Plan proposes to cause Henry Douglas Campbell

21 ("Campbell") release all his claims to assert the ownership of the membership interests.  Thus,

22 demonstration of the elements of Section 1129(b) are not required.

23      **B.      Madison's Plan Satisfies the "Cram Down" Standards of Section 1129(b)(2)(A)**

24           **of the Code with Respect to Secured Claims.**

25      Even if the Court determines that Class 13 is impaired and is deemed to have rejected the

26 Plan, or if the secured classes 1,3 or 12 vote against the Plan, Madison contends that the Plan

27 satisfies the Code's "cram down" standards.  Section 1129(b)(2)(A) of the Code presents a plan

28 proponent with three alternatives for confirming a plan over the objection of any secured creditor.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  The first alternative is met, because Madison does propose to sell the Property under § 363(k), as

2  provided in §1129(b)(2)(A)(ii).  The second alternative is equally satisfied, because Madison

3  negotiated the consent of virtually every secured creditor, and even those who have not expressly

4  consented (Classes 1, 3 and 12), Madison is seeking to provide such secured creditors with the

5  "indubitable equivalent" of their secured claims, under §1129(b)(2)(A)(iii).  Class 1 will receive

6  the equivalent of its full claim for taxes and statutory interest, and if the secured creditor does

7  object, then have the subordinated portion for penalties and interest on penalties reserved until

8  resolved, with the lien to attach to proceeds.  Class 3 will receive the equivalent of its claim at

9  100%, merely delayed until a few weeks after the proposed Effective Date.  Thus, Madison's Plan

10  is fully compliant with §1129(b)(2)(A)(i), in that it proposes that:  the holders of all secured claims

11  have either consented or (a) shall  retain and be able to enforce their liens in the full amount of

12  their secured claim; (b) receive deferred cash payments with a discounted present value, as of the

13  Plan's effective date, equal to the amount of secured claim; and (c) the Plan otherwise treats such

14  creditors in a "fair and equitable" manner.  The treatment of Classes 1 and 12 is fair and equitable

15  because the Plan proposes a modest discount in the payment of Class 1, far less than the amount

16  consensually agreed to by the other Classes of creditors.  Accordingly, Madison contends that the

17  Plan prevails on each of these requirements.

18  **C.    The Plan Does Not Propose Any Third-Party Injunction and Release**

19  **Provisions Prohibited Under Ninth Circuit Law.**

20         While Raffone contends that she is prejudiced by the Plan's failure to provide her with a

21  release of all claims (particularly by Campbell and the Internal Revenue Service ("IRS")), the Plan

22  properly contains no third-party injunction and release provisions that often preclude confirmation.

23  Under Ninth Circuit law, injunctions in favor of third parties are prohibited in a plan of

24  reorganization.  *See In re Am. Hardwoods, Inc.*, 885 F.2d 621, 625-26 (9th Cir. 1989) (action for

25  post-confirmation permanent injunction of litigation against debtor's officers was invalid); *In re*

26  *Lowenschuss*, 67 F.3d 1394, 1401 ("This court has repeatedly held, without exception, that

27  § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors."); *In re Hotel*

28  *Mt. Lassen, Inc.*, 207 B.R. 935, 941 (Bankr. E.D. Cal. 1997) ("Controlling authority in this and

1    other circuits holds that the bankruptcy court lacks the authority to compel third party releases as

2    part of a plan of reorganization."). Nothing in the Plan prevents Campbell from fully enforcing

3    his claims against Raffone and any other person or entity that may be liable thereon (such as

4    Raffone's spouse). Nothing in the Plan prevents the IRS from asserting its rights against Raffone

5    in her individual bankruptcy case. Nothing in the Plan prevents creditors holding claims in both

6    estates, such as Fox Rothschild, from participating in both estates, other than each creditor may

7    only recover once. Because the Plan expressly preserves creditors' rights to pursue claims against

8    the related debtor and non-Debtor third-parties, for misappropriation, fraudulent transfers and

9    other acts and omissions they may assert, the Plan does not violate the law and should be

10   confirmed.

11           **D.        The Plan is "Feasible."**

12           Section 1129(a)(11) of the Code states that it is a requirement of confirmation that a plan

13   proponent show that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or

14   the need for further financial reorganization, of the debtor . . . ." This standard is generally

15   referred to as the "feasibility" test for confirmation. The Plan is a liquidation plan as it seeks to

16   sell the estate's assets and use the proceeds to pay creditors. Accordingly, the Plan is feasible.

17           **E.        The Plan Satisfies Section 1129 of the Code.**

18           By the Court ordered deadline of May 2, 2011, Madison will file a declaration outlining

19   the elements of Section 1129 and the Plan's compliance therewith. All provisions of Section 1129

20   shall be met.

21           **F.        The Plan Provides Proper Classification for Class 12 Creditors**

22           Under applicable bankruptcy law, the Bankruptcy Court has the equitable power to

23   subordinate the Class 12 claims below general unsecured creditors. Section 510(c) of the

24   Bankruptcy Code permits the court, under principles of equitable subordination, to subordinate for

25   purposes of distribution, all or part of an allowed claim or interest to all or part of another allowed

26   claim or interest, or to order that any lien securing such a subordinated claim be transferred to the

27   estate. 11 U.S.C. § 510(c). The power to subordinate claims on equitable grounds means that

28   they may place an otherwise superior, valid claim behind other claims in the name of equity.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Equitable subordination requires that (1) the claimant who is to be subordinated has engaged in

2   inequitable conduct, (2) the misconduct results in injury to competing claimants or an unfair

3   advantage to the claimant to be subordinated, and (3) subordination is not inconsistent with

4   bankruptcy law. *In re Filtercorp, Inc.*, 163 F.3d 570 (9th Cir. 1998); *Citicorp Venture Capital,*

5   *Ltd. v. Comm. of Creditors Holding Unsecured Claims*, 160 F.3d 982, 986-87 (3rd Cir. 1998).

6   Although the United States Supreme Court has found a bankruptcy court has the authority to

7   subordinate a claim on equitable grounds, *see*, *Pepper v. Litton*, 308 U.S. 295, 304-05, 60 S.Ct.

8   238, 244-45 (1939), *Matter of Fabricators, Inc.*, 926 F.2d 1458, 1464 (5th Cir. 1991); *In re*

9   *Westgate-California Corp.*, 642 F.2d 1174, 1177 (9th Cir. 1981), Ninth Circuit cases state that

10  equitable subordination is an unusual remedy which should be applied only in limited

11  circumstances. *In re Lazar*, 83 F.3d 306 (9th Cir. 1996).

12      The determination of whether a claim will be equitably subordinated is usually made on

13  the basis of an analysis of the facts and circumstances of the particular case.  Congress left the

14  development of the law of subordination to the courts.  "It is intended that the term 'principles of

15  equitable subordination' follow existing case law and leave to the courts development of this

16  principle."); *see La Grand Steel Prods. Co. v. Goldberg (In re Poole, McGonigle & Dick, Inc.)*,

17  796 F.2d 318, 322 (9th Cir.), *modified*, 804 F.2d 576 (9th Cir. 1988); "Section 510(c), permitting a

18  bankruptcy court equitably to subordinate claims is essentially a codification of case law."

19      In 1990, the Seventh Circuit decided *In re Virtual Network Services Corp.*, 902 F.2d 1246,

20  1250 (7th Cir. 1990) holding that a court could subordinate a claim without a finding of

21  misconduct.  The Eighth Circuit[1] and the Third Circuit[2] quickly adopted the reasoning of the

22  *Virtual Network* decision.  In addition, the legislative history stated that along with claims tainted

23  by inequitable conduct, penalty claims could be subordinated.  124 Cong. Rec. 32,412 (statement

24  of Rep. Edwards) ("a claim is generally subordinated if the claim itself is of a status susceptible to

25  subordination, such as a penalty"), reprinted in 1978 U.S.C.C.A.N. at 6452.  If the courts did not

26  subordinate or disallow penalty claims, creditors would be penalized for debtors' misconduct or

27  _____

[1]     *Schultz Broadway Inn v. United States*, 912 F.2d 230 (8th Cir. 1990)

28  [2]     *In re Burden*, 917 F.2d 115 (3d Cir. 1990).

1  the overreaching of such creditors to obtain an unfair advantage over others.  The Seventh Circuit

2  has even held that inequitable conduct was not a prerequisite to subordination in IRS-asserted

3  penalty claims.  *Virtual Network*, 902 F.2d. at 1247.  The Seventh Circuit found that the effect of

4  parity of treatment of the IRS with other general unsecured creditors would be to shift the penalty

5  from the debtor to the innocent creditors.  In the Ninth Circuit, the principal of permitting

6  equitable subordination must be aligned with some facts showing that *some amount* of inequitable

7  conduct occurred.  The level of that misconduct is not specifically defined and can merely be that

8  the conduct of the creditor whose claim might be subordinated be punitive in nature.  Accordingly,

9  the broad language that Seventh Circuit used in *Virtual Network* is equally applicable here:

> We further conclude, as did the district court, that the principles of equitable subordination are broader than the doctrine which developed prior to § 510(c)(1)'s enactment. ***It is clear that in principle, equitable subordination no longer requires, in all circumstances, some inequitable conduct on the part of the creditor***. The district court concluded that equitable subordination under § 510(c)(1) could be applied in this case, inter alia, because 1) the goal of equitable subordination focuses not on the conduct of the creditor but on the fairness to creditors in a particular case, 2) punishing or deterring VNS's innocent creditors because of VNS's wrongful conduct serves no purpose, and 3) the IRS's claims in this case are punitive in nature.

> *Id.* at 1250 (emphasis added).

18      On or about June 2, 2010, the City of New York Department of Finance ("DOF") filed a

19  proof of claim in the aggregate amount of $459,070.27 for outstanding real estate taxes on the

20  Property as follows:  (1) for the tax period July 1, 2009 through December 31, 2009, inclusive of

21  interest through the petition date, in the amount of $236,684.99; and (2) for the tax period

22  January 1, 2010 through June 30, 2010, inclusive of interest thought the petition date, in the

23  amount of $222,385.28.  [Claims Docket No. 4].  While the DOF may not have engaged in any

24  outright fraudulent or substantially egregious creditor misconduct, its failure to participate in the

25  Chapter 11 process, failure to file an updated proof of claim, failure to timely seek the payment of

26  any penalties and interest on penalties as part of Claim No. 4 (*see*, attached Exhibit "1") before the

27  Bar Date, and failure to demonstrate any basis for the size of the payment (now listed on their

28  website in excess of $1.1 million) in light of allegations that the taxes alone are at least $500,000

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CONFIRMATION OF SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION

1   in excess of what might be actually allowed, are ample justification for finding that the Ninth

2   Circuit standards of *Am. Hardwoods* have been met.  Where the DOF has only asked for the

3   principal amount of taxes and interest thereon, but does not include penalties or interest on

4   penalties until after the bar date has passed, an amendment of the claim will not relate back to the

5   original filing.[3]  Finally, fairness to all creditors who are taking a discount to achieve the

6   settlement in this case, and their willing participation in a long and laborious process to achieve a

7   consensual plan, despite the absence of the DOF, who could not justify the assessed amount,

8   warrants that the other creditors not pay for the wrongful conduct of the Debtor or the conduct of

9   the DOF in not asserting such claim timely, or share equally with claims of a punitive nature, at

10  least until such claim treatment is disputed by the tax authorities and then is determined by this

11  Court.

12      Unless the DOF objects to the Plan, votes against the Plan or seeks a fair determination of

13  the actual amount owed via a hearing before this Court, penalty claims[4] that might otherwise have

14  been asserted in Class 1, but were never filed as part of any proof of claim, should fall to payment

15  in Class 12 after the resolution of the settled claims in other classes.  As the Supreme Court

16  summarized: "A tax is an enforced contribution to provide for the support of government; a

17  penalty, as the word is here used, is an exaction imposed by statute for an unlawful act."  *State of*

18  *Washington v. Hovan, Inc. (In re Hovan, Inc.)*, 96 F.3d 1254, 1257 (9th Cir. 1996), *quoting United*

19  *States v. Reorganized CF & I Fabricators of Utah, Inc.*, 518 U.S. 213 (1996).  If the assessment

20  "has no direct relation to any specific costs incurred by the state," its "actual effect" is generally

21  punitive and not compensatory in effect. *Hovan*, 96 F.3d at 1257.

22      Under the Plan, Madison does not propose to strip the lien of the tax authorities or to

23  disallow any portion of the claim actually filed and approved by this Court.  (*See* Order at Docket

24  ───────────────────────

[3]     Late filed claims are routinely subordinated to the payment of timely filed claims.  *See* 11
25  U.S.C. § 502(b)(9).

[4]     Courts have shown a willingness to construe the term "penalty" very broadly. *See In re*
26  *Schultz Broadway Inn, Ltd.*, 89 B.R. 43 (Bankr. W.D. Mo. 1988) (subordinating a negligence
    penalty assessed by the IRS), af'd, 912 F.2d 230, 231 (8th Cir. 1990); *United States v. Mansfield*
27  *Tire & Rubber Co. (In re Mansfield Tire & Rubber Co.)*, 80 B.R. 395 (Bankr. N.D. Ohio 1987)
    (finding excise taxes to be penalties requiring subordination m Chapter 11 cases).

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\834238.2

7

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   No. 166).    Instead, Madison only proposes to subordinate that portion of the claim that was **not**

2   filed as part of Claim No. 4, *the penalties and interest on the penalties*, or those amounts that

3   might otherwise have been in Class 1, but were not included, presumably because they are

4   designed to punish the Debtor as a delinquent taxpayer, rather than to compensate the tax collector

5   for actual losses.    Under the Plan, only if the assessed penalty bears no direct relation to any

6   specific costs incurred by the tax collector, and the direct interest on such penalty, shall that

7   portion fall to Class 12.    In addition, if the DOF wishes to prove up its entire claim, inclusive of

8   penalties and interest, they have the opportunity to do so as the Plan causes its lien to attach to

9   proceeds if a claim allowance order is sought.    This is an appropriate methodology in light of the

10  facts of this case where (a) all creditors under the Plan are impaired and taking a discount to

11  achieve a resolution, (b)  the Property is being sold for the benefit of creditors and not for the

12  Debtor, and (c) the tax authority to be subordinated has not timely filed a proof of claim setting

13  forth such amounts, actively participated in the plan process, or demonstrated that the taxes

14  assessed in excess of $459,070.27 are fair or reasonable.    Secondarily, the equitable subordination

15  will likely involve only a small discount, akin to the 10-25% discount (or greater) agreed upon by

16  creditors in Classes 4-9, assuring fairness to all creditors.    In yet another justification, the Plan

17  does not  allow any windfall to the Debtor, and does not run afoul of the pronouncement of the

18  Supreme Court in *U.S. v. Noland*, 517 U.S. 535 (1996) (§510(c) allowing a bankruptcy court to

19  re-order a tax penalty when justified by particular facts, but not to categorically subordinate every

20  tax claim).[5]

21          **G.      Raffone's Remaining Objections are Not Well Founded**

22          On April 27, 2011, Raffone filed an objection to the Plan confirmation that included an

23  argument that Madison's foreclosure is an "empty threat of a foreclosure sale by June 30, 2011."

24  Under the Plan, Madison has consented to the sale of the Property by the Administrator at any

25  time prior to the foreclosure.    Madison's counsel has informed this Court and other parties that the

26  foreclosure is not likely until at least September 2011.    The Plan merely provides for a discount of

27  _____

[5]      The Supreme Court did not decide whether a bankruptcy court must always find creditor
28  misconduct before a claim may be equitably subordinated.

1   the Madison claim in the event that the sale closes prior to May 31, 2011.  There is no empty

2   threat, so this objection should be disregarded.

3   **IV.      CONCLUSION**

4           For the reasons set forth herein, the Plan as proposed should be confirmed.  It is requested

5   the Court approve the Plan, enter the findings of fact and conclusions of law expected to be

6   submitted for review prior to the May 4 hearing, and enter the proposed confirmation order at the

7   time of the hearing.

8   Dated:     April 27, 2011                    **BRYAN CAVE LLP**

9

10                                          By:  ___*Katherine M. Windler*_____
                                                 Katherine M. Windler

11                                               Attorneys for Plan Proponent
                                                 Madison Realty Capital, L.P.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CONFIRMATION OF SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION

# EXHIBIT 1

Case 2:10-bk-26188-PFC   Claim 286   Filed 06/27/10   Desc Main Document   Page 1 of 3
Case 2:10-bk-26188-PFC   Doc 246   Filed 04/27/10   Entered 04/27/10 07:05   Page 3 of
Main Document   3   Page 15 of 22

B 10 (Official Form 10) (04/07)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor: NEVADA STAR, LLC. | Case Number 2-10-BK-26188 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**FILED**

JUN - 7 2010

CLERK U S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____

THIS SPACE IS FOR
COURT USE ONLY

Name of Creditor (The person or other entity to whom the debtor owes money or property):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
NEW YORK CITY DEPT OF FINANCE
345 ADAMS STREET, 3RD FLOOR
NEW YORK, NEW YORK 11201
Telephone number:

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☑ Taxes
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Other_____

☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #:_____
Unpaid compensation for services performed
From _____ to _____
(date)         (date)

**2. Date debt was incurred:** 07/01/2009

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☑ Real Estate   ☐ Other_____
☐ Motor Vehicle

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 459,070.27

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ _____ (unsecured)   459,070.27 (secured)   _____ (priority)   459,070.27 (total)

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date 06/02/2010 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any.)  Assistant Commissioner for Legal Affairs |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit 1 - Page 10

B 10 (Official Form 10) (04/07)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## ⸺ DEFINITIONS ⸺

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Classification of Claim:**
**Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was

filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim." (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

5. **Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

6. **Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Exhibit 1 - Page 11

```
BBL  : 1-01216-0039/0              NEVADA STAR LLC
INT/DISC TO: 06/01/2010           900      BROADWAY
FROM   DATE:                      STE 801
CUTOFF DATE:                      NEW YORK           NY 10003-1229
ACCT TYPE   ACCT ID/DISC   PD BEGIN   PD END   DUE DT    TAX DUE     INTEREST
PROPERTY                   07/01/09 12/31/09 07/01/09   200650.70    36034.29
PROPERTY                   01/01/10 06/30/10 01/01/10   206430.56    15954.72
```

                                  TOTAL AMT DUE :      p/e  459,070.27

Bottom of list reached
01-HELP    06-SUSPEND 09-CANCEL  18-RECYCLE

NEXT FUNCTION :      DATA :

Exhibit 1 - Page 12

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**120 Broadway, Suite 300, Santa Monica, CA 90401**

A true and correct copy of the foregoing documents described as**: MADISON REALTY CAPITAL, L.P.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR NEVADA STAR LLC** will be served or was served in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 27, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

&boxtimes;  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 27, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**BY OVERNIGHT MAIL**

| | | |
|---|---|---|
| Honorable Peter Carroll | United States Trustee (LA) | **Debtor** |
| United States Bankruptcy Court | Attention: Russell Clementson | Nevada Star, LLC |
| 255 E Temple Street, Courtroom 1539 | 725 S. Figueroa St. 26th Floor | c/o Claudia Raffone |
| Los Angeles, CA 90012 | Los Angeles, CA 90017 | 1401 Claridge Drive |
| | | Beverly Hills, CA 90210 |
| New York City Department of Finance | New York State Department of Taxation and Finance | Michael A. Cardozo |
| PO Box 92 | Bankruptcy Section | Corp. Counsel of City of New York |
| New York, NY 10008-0092 | PO Box 5300 | Attorney for City of New York |
| | Albany, NY 12205-0300 | Dept of Finance |
| (Class 1 & 12) | | 100 Church Street, Room 5-211 |
| | (Class 1 & 12) | New York, NY 10007 |

&boxtimes; Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **Fill in Date Document is Filed,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

&#9633; Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 27, 2011 | Michael M. Mason | /s/ Michael M. Mason |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                 **F 9013-3.1.PROOF.SERVICE**
834906.2

## Additional Service Information
## VIA NOTICE OF ELECTRONIC FILING (NEF)

Michael Jay Berger on behalf of Debtor Claudia Raffone (michael.berger@bankruptcypower.com);
Russell Clementson on behalf of U.S. Trustee United States Trustee (LA) (russell.clementson@usdoj.gov);
United States Trustee (LA) (ustpregion16.la.ecf@usdoj.gov.)
Lewis R Landau on behalf of Creditor Committee Creditors Committee of Nevada Star, LLC (lew@landaunet.com),
R G Pagter on behalf of Creditor Henry Campbell (gibson@pagterandmiller.com, pandm@pagterandmiller.com;
Thomas M. Geher (tmg@jmbm.com)
Brett A. Axelrod on behalf of Fox Rothschild LLP (baxelrod@foxrothschild.com, mrustia@foxrothschild.com)
David L. Neale on behalf of Creditor Beys , Stein & Mobargha LLP (dln@lnbrb.com, kjm@lnbrb.com)
Sandor T. Boxer on behalf of Creditor Castle Oil Corporation (tedb@tedboxer.com)
Michael W. Tan on behalf of Creditor United States of America, IRS (michael.w.tan@irscounsel.treas.gov)

## VIA US MAIL
### Interested Parties

| | | |
|---|---|---|
| Jerold C. Feuerstein | Catherine Grad | William Wall |
| Kriss & Feuerstein LLP | Grad & Weinraub LLP | The Wall Law Office |
| 360 Lexington Avenue, Suite 1200 | 305 Broadway, Suite 1201 | 9900 Research Dr |
| New York, NY 10017 | New York, NY 10007 | Irvine, CA 92618 |
| | | |
| *NY Counsel for Madison Realty Capital* | *NY Counsel to Tenants of 114 West 86th Street* | *CA Counsel to Tenants of 114 West 86th Street* |
| | | |
| Andrew Hirsch | Lipa Lieberman | Gerald Kahn |
| General Counsel | Director | Receiver |
| Bernstein Real Estate | Eastern Consolidated | 733 Yonkers Avenue |
| 150 West 30th Street | 355 Lexington Avenue | Yonkers, New York 10704 |
| New York, NY 10001 | New York, New York 10017 | |
| | | *NYS Receiver* |
| *Potential Buyer* | *Proposed Broker* | |

### Parties (Voting)

| | | |
|---|---|---|
| Madison Realty Capital | Ponichtera Contracting | Henry Douglas Campbell |
| Attn: Brian Shatz | 6 Driftwood Drive | 108 East 86th Street, |
| 825 Third Ave, 37th Floor | Parlin, NJ 08859 | Apt 11-N |
| New York, NY 10022 | | New York, NY 10028 |
| (Class 2) | (Class 3) | (Class 4) |
| | | |
| Jay R. Jacknin, P.A. | Casey Ciklin Lubitz Martens O'Connell | Beys, Stein & Mobargha LLP |
| d/b/a Jacknin & Jagolinzer | 515 North Flagler Drive | The Chrysler Building |
| Attn: Jay R. Jacknin, Esq. | Suite 1900 | 405 Lexington Avenue, 7th Floor |
| 515 N. Flagler Drive | West Palm Beach, FL 33401 | New York, NY 10174 |
| Suite 1125 | | |
| West Palm Beach, FL 33401 | (Class 6) | (Class 7) |
| (Class 5) | | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

United States of America (IRS)
Attn: Michael W. Tan
300 N Los Angeles St.
Room 3018
Los Angeles, CA 90012

(Class 8)

Vjollca Lumaj
114 West 86th Street,
Superintendent Apartment
New York, NY 10024

(Class 9)

Class 10 - Tenants

Gary Filsinger
114 West 86th Street, #01A
New York, NY 10024

Bernard Schieber
114 West 86th Street, #03A
New York, NY 10024

Joy Pereths
114 West 86th Street, #07A
New York, NY 10024

Sandra Pettit
114 West 86th Street, #01B
New York, NY 10024

Rene Suarez-Barrio
114 West 86th Street, #03C
New York, NY 10024

Kenneth Lockhart
114 West 86th Street, #07B
New York, NY 10024

Robert Briggs
114 West 86th Street, #01C
New York, NY 10024

Peter Salwen
114 West 86th Street, #04A
New York, NY 10024

Donald German
114 West 86th Street, #07C
New York, NY 10024

Gloria Mehler
114 West 86th Street, #02A
New York, NY 10024

William Nicholson &
Caroline Hatchett
114 West 86th Street, #04B
New York, NY 10024

Timothy & Alison Mainard
114 West 86th Street, #08A
New York, NY 10024i

Nancy Kazanjian
114 West 86th Street, #02B
New York, NY 10024

Meredith Hawkins
114 West 86th Street, #05A
New York, NY 10024

Alfred & Claudia Arioli
114 West 86th Street, #08B
New York, NY 10024

Gerhard Teicht
114 West 86th Street, #02C
New York, NY 10024

Kristen Gengaro
114 West 86th Street, #05B
New York, NY 10024

Susan Roth
114 West 86th Street, #08C
New York, NY 10024

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
834906.2

**F 9013-3.1.PROOF.SERVICE**

Brenda Mazzara
114 West 86th Street, #15C
New York, NY 10024

Elizabeth Schulzinger
114 West 86th Street, #05C
New York, NY 10024

Michael Veissid
114 West 86th Street, #16A
New York, NY 10024

Robert Anderson
114 West 86th Street, #06A
New York, NY 10024

Robert Ankner
114 West 86th Street, #11C
New York, NY 10024

Jacqueline Black &
Cristina Lombardo
114 West 86th Street, #09A
New York, NY 10024

Amy Weinblum
114 West 86th Street, #06C
New York, NY 10024

Larry Kahn & Wendy Caplin
114 West 86th Street, #12A
New York, NY 10024

Zoraya Aguilar
114 West 86th Street, #09B
New York, NY 10024

Marieke Wierda
114 West 86th Street, #12C
New York, NY 10024

Minnie Goka
114 West 86th Street, #16B
New York, NY 10024

Amy Smith
114 West 86th Street, #09C
New York, NY 10024

Ferit Hoxha
114 West 86th Street, #14A
New York, NY 10024

Curtis Campaigne
114 West 86th Street, #16C
New York, NY 10024

Helen Cole Graves
114 West 86th Street, #10A
New York, NY 10024

Krzysztof Mitkiewicz
114 West 86th Street, #14B
New York, NY 10024

Margaret & Cary O'Neill
114 West 86th Street, #17A
New York, NY 10024

William Blanchard &
Raymond DeBaene
114 West 86th Street, #10B
New York, NY 10024

Doris Fine
114 West 86th Street, #14C
New York, NY 10024

Myron Brender
114 West 86th Street, #17B
New York, NY 10024

Steven Eidelberg
114 West 86th Street, #10C
New York, NY 10024

Julie Stevens
114 West 86th Street, #15A
New York, NY 10024

Jill Bishins
114 West 86th Street, #17C
New York, NY 10024

Joseph Getz
114 West 86th Street, #11A
New York, NY 10024

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
834906.2

**F 9013-3.1.PROOF.SERVICE**

Andrew Veissid
114 West 86th Street, #15B
New York, NY 10024

Steven Kavee
114 West 86th Street, #12B
New York, NY 10024

John Schreiber
114 West 86th Street, #11B
New York, NY 10024

Class 11 A

Caler, Donten, Levine, Porter, Veil
505 S. Flagler Drive, Suite 900
West Palm Beach, FL 33401

Castle Oil Corporation
Attn: Michael M. Meadvin, Esq.
440 Mamaroneck Ave, Ste. 402
Harrison, NY 10528-2424

Fox Rothschild LLP
Attn: Brett Axelrod
Wells Fargo Tower, Suite 500
3800 Howard Hughes Parkway
Las Vegas, NV 89169

Minuit Partners Property
Management LLC
900 Broadway, 8th Floor
New York, NY 10003-1210

NYC Dept. of Environmental
Protection
c/o NYC Water Board
PO Box 410
Church Street Station
New York, NY 10008-0410

Vernon & Ginsburg, LP
Attn: Mel Ginsburg, Partner
261 Madison Avenue, 26th Floor
New York, NY 10016-2306

Class 11 B

Altman Electric
283 West 11th Street
New York, NY 10014

Fred Smith Plumbing
1674 First Avenue
New York, NY 10128-4853

PS Marcato Elevator Company
44-11 11th Street
Long Island City, NY 11101

Consolidated Boiler Service
1416 Ferris Place
Bronx, NY 10461

Broadway Premium Funding
Schmutter, Strull, Fleisch Inc.
80 Maiden Lane
New York, NY 10038

David Lumaj
114 West 86th Street,
Superintendent Apartment
New York, NY 10024

Verizon
PO Box 1100
Albany, NY 12250

Chase - National Payment
Services
PO Box 182223
Dept. OH1-1272
Columbus, OH 43218-2223

Rosenberg & Estis, PC
733 Third Avenue
New York, NY 10017-3204

Porcelain Refinishing Corp.
199-05 32nd Avenue
Flushing, NY 11358

Rick Kramer Architects
12 Palisade Street
Dobbs Ferry, NY 10522

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
834906.2

**F 9013-3.1.PROOF.SERVICE**