FILED & ENTERED

MAY 03 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia     DEPUTY CLERK

**BRYAN CAVE LLP**
Katherine M. Windler, California Bar No. 158899
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:     (310) 576-2100
Facsimile:     (310) 576-2200
Email:         katherine.windler@bryancave.com

Attorneys for Madison Realty Capital LP

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.  2:10-bk-26188-PC (Lead Case) |
| | Administratively Consolidated with Case No. 2:10-bk-27683-PC |
| NEVADA STAR, LLC, | Hon. Peter Carroll |
| Debtor. | Chapter 11 |
| Tax ID / EIN: 68-0658426 | **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED CONSOLIDATED CHAPTER 11 PLAN OF LIQUIDATION DATED MAY 4, 2011** |
| In re | **Plan Confirmation Hearing:** |
| CLAUDIA RAFFONE, | Date:     May 4, 2011 |
| Debtor. | Time:     1:00 p.m. |
| | Ctrm:     1539 |
| | U.S. Bankruptcy Court |
| | 255 E. Temple Street, 15th Floor |
| | Los Angeles, CA 90012 |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# I.    BACKGROUND AND PROCEDURAL HISTORY

1.    On March 30, 2011, Madison Realty Capital, L.P. ("Madison") filed a Second Amended Chapter 11 Plan of Liquidation [Dkt No. 255], as amended on April 11, 2011 [Dkt. No. 276] and as modified with the approval of the Bankruptcy Court on April 13, 2011 ("Plan"), in the case of Nevada Star, LLC ("Debtor").  The Plan, which is attached hereto as Exhibit 1 and incorporated herein by reference[1] has been further amended, modified or supplemented with the approval of the Court, including the modification implemented pursuant to this Confirmation Order, and has been dated May 4, 2011 to include all modifications up to the time of entry of this Confirmation Order.  The Plan proposes a sale of a parcel of real property located at 114 West 86th Street in New York City, N.Y. and all fixtures and incidental personal property that is used for the operations and maintenance of the building (the "Property"), the legal description of which is attached hereto as Exhibit 2 and incorporated herein by reference.

2.    On April 13, 2011, the Court approved the "Second Amended Disclosure Statement Describing Second Amended Chapter 11 Plan of Liquidation" (the "Disclosure Statement").  Voting on the Plan commenced on April 13, 2011, and concluded on April 29, 2011.  *See* Declaration of Katherine Windler in Support of Confirmation Of Second Amended Chapter 11 Plan Of Liquidation For Nevada Star LLC, a true and correct copy of which is on file with the Court.

3.    The following pleadings with respect to Confirmation were filed:

      a.    Objection of Claudia Raffone ("Raffone Objection");

      b.    Madison Realty Capital, L.P.'S Memorandum of Points and Authorities in Support of Confirmation of Second Amended Chapter 11 Plan of Liquidation For Nevada Star LLC;

      c.    Declaration of Katherine Windler in Support of Confirmation of Second Amended Chapter 11 Plan of Liquidation for Nevada Star LLC;

      d.    Declaration of Itai Amidor in Support of Confirmation of Second Amended Chapter 11 Plan of Liquidation for Nevada Star LLC; and

      e.    Plan Ballot Summary.

---

[1]    Unless otherwise defined herein, capitalized terms used herein shall have the meanings given to them in the Plan.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

4.       The Raffone Objection has not been resolved between the parties.  Madison believes that the Raffone Objection should be overruled by this Court on account of the following:

a.       Prior to Confirmation, Raffone always retained the ability to take immediate action to resolve disputes with one or more taxing jurisdiction(s) that may assert lien claim(s) against the Property, but has failed to do so, making it necessary for this Court to permit the Buyer to acquire the Property free and clear of liens and other such claims.  Nothing in the Plan strips Raffone of her right to continue to pursue reductions in the amount of tax liens or claims asserted against Raffone personally.

b.       Raffone always retained the ability to take immediate action to resolve disputes with the Internal Revenue Service ("IRS") with respect to its right to collect gift and capital gains taxes, among possibly others, but has failed to do so.  Nothing in the Plan strips Raffone of her right to continue to pursue reductions or settlements in the amount, type or timing of taxes asserted.  Notwithstanding anything in this paragraph, the Administrator shall file the Estate return and the IRS shall be bound by the terms of the Plan.

c.       Should other similar claims by taxing jurisdictions become known during the consummation of the Plan or the administration of the Raffone bankruptcy case, Raffone will have a forum in which to address such claims in a manner she may elect.  Excepting those claims that are fully resolved by the Plan, nothing in the Plan strips Raffone of her right to resolve claims in her personal bankruptcy case or in any other appropriate forum.

d.       Raffone believes the Plan should fully address and compensate the IRS and Henry Douglas Campbell ("Campbell") for such amounts that may later be asserted in her personal bankruptcy case, Case No.  2:10-bk-27683-PC.  Nothing in the Plan strips Raffone of her right to dispute or resolve claims

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  of the IRS, Campbell or other creditors who may continue to have rights in

2  the Raffone bankruptcy case.

3      e.    No assets of Raffone's personal bankruptcy estate are sold or transferred

4  under the Plan.

5      f.    The Plan does not affect Raffone's right to initiate a timely appeal on any

6  matter or issue, including the appeal in Florida pending in the Campbell

7  matter.

8      g.    The Plan does not affect Raffone's right to assert that the payment that will

9  be received by Campbell under the Plan satisfies his entire claim against

10  Raffone.

11      h.    An independent Administrator will make disbursements, and any funds

12  remaining after consummation of the Plan will be paid over to the Raffone

13  bankruptcy estate together with a full accounting.  The Plan does not waive

14  Raffone's right to dispute the final accounting of the Administrator, or to

15  rely upon it in determining the amount of claims remaining of those

16  creditors who hold claims in both bankruptcy estates.

17      i.    The Plan constitutes a compromise of claims among the creditors of the

18  Debtor and contractually binds the Estate to the terms of the settlement.

19  The Plan does not make any findings as to the nature of whether claims in

20  Classes 4-8 are actually secured or unsecured.  Accordingly, the proposed

21  allowed amounts and treatment of Claims in Classes 4-8 is appropriate as

22  part of a compromise.

23      j.    It would be improper for the Plan to provide for third-party injunctions or

24  release provisions that are precluded under Ninth Circuit law.

25      k.    The sale of the Property is subject to overbid so the objections to the

26  possible selling price of $18.6 million are both speculative and lack

27  foundation.

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

l.    The broker filed affidavits of disinterestedness, there was no timely objection filed and the Court's order approving the employment of the broker was entered more than 14 days ago.  Accordingly, the Raffone Objection cannot collaterally raise an issue that could only be asserted via appeal.

5.    The Plan provides for the Debtor to assume the existing unexpired and valid tenant leases and to assign them to the Buyer, and to reject other executory contracts or leases, if any (e.g., any lease claimed by Raffone, any elevator maintenance agreement, any boiler repair agreement, leases for laundry facilities, or general service contracts in connection with the Property, etc.).  An agreement has been reached between the counsel for the tenant association, Madison and the Unsecured Creditors Committee, the essential provision of which are as follows:

a.    Except as provided in paragraph 8 *infra*, the tenant leases (to the extent they are unexpired), including any rights to security deposits and/or prepaid rent or rent overcharge, but expressly excluding the alleged lease or occupancy rights asserted by Raffone (and any claims arising therefrom), shall be assumed and all terms and conditions thereof shall remain in full force and effect; except that (i) any claims of tenants shall only be entitled to treatment as unsecured claims without priority in Class 10 and not administrative expense priority claims; and (ii) any disputes thereunder shall be resolved in accordance with section (f), below.

b.    All moneys due and owing to the Buyer on account of tenant deposits shall be immediately paid from the closing of the sale of the Property to the Buyer, and not directly to any tenant.

c.    The tenants and Administrator shall use their good faith, commercially reasonable efforts to determine the extent, if any, to which any payment must be made to the Buyer on account of the deposits owed for the benefit of tenants.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

d.    The Administrator shall have the right to continue to cooperate with the Buyer for the negotiation and settlement of Class 10 claims after the Closing, if the Buyer and Administrator both consent.  In such instance, the Administrator shall be entitled to hold back an adequate amount to resolve Class 10 claims before making any final distribution to junior classes or Classes 4-8 under the Plan.  Absent any dispute, no further Bankruptcy Court authorization or authority will be necessary to settle any claim in Class 10.

e.    In connection with the Confirmation Order, the Bankruptcy Court shall continue the stay solely of any action of a Class 10 creditor to recover any tenant security deposit or refund included in Class 10.  Class 10 claimants shall be required to seek relief from such stay before commencing or continuing any action to collect on a claim or access proceeds held by the Administrator.

f.    Any dispute among the tenants and Administrator regarding the adequacy or allocation of the payment of Class 10 claims shall be resolved by motion brought before this Court by either a tenant or agent thereof, or the Administrator.  Any other type of dispute between the parties regarding the tenant leases shall be resolved in a court of appropriate jurisdiction in New York and no stay shall apply to such other disputes.

6.    Notwithstanding any objection of Raffone, under the Plan the IRS is free to allocate any distribution it receives under the Plan in its best interests and to continue to pursue any claims it may have against Raffone personally in the Raffone bankruptcy estate.  The settlement with the IRS was based on the decision in In re Jehan Das, Inc.[2]  Accordingly, any part of the Plan that

---

[2]    *See Jehan-Das, Inc. v. United States (In re Jehan-Das, Inc.),* 925 F.2d 237, 238 (8th Cir. 1991), *cert. denied,* 502 U.S. 810 , 112 S. Ct. 55 , 116 L. Ed. 2d 32 1991) ( holding that, if a payment is voluntary, the taxpayer can decide which of his tax liabilities to pay; otherwise the IRS directs the application of the payment); *Muntwyler v. United States,* 703 F.2d 1030, 1032 (7th Cir. 1983) (accepting the IRS policy to allocate involuntary payments as it sees fit as a "sensible tax policy").

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    directs how payments to the IRS should be applied is amended to reflect the aforesaid agreement

2    with the IRS.

3         7.     Communication was received by Madison's counsel from the attorney for the

4    tenant association, who represents roughly half of all tenants occupying the Property, requesting a

5    technical modification to the Plan.  After considering the request, Madison has agreed that a new

6    <u>Exhibit F</u> may be attached to the Plan, setting forth the amounts actually voted by tenants as the

7    allowed amount unless otherwise determined by this Court under paragraph 5(f).

8         8.     The rent stabilized tenant in Unit 6C shall be permitted to terminate her lease as

9    early as June 1, 2011, and thereafter receive a refund of her deposit, to the extent not applied to

10   contractual requirements as applicable under her lease.  Buyer has consented to such terms.

11        9.     On May 4, 2011, the Court conducted a hearing (the "<u>Confirmation Hearing</u>")

12   pursuant to Section 1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b)(2) to consider

13   confirmation of the Plan.

14        10.     The Raffone Objection having disposed of in the Confirmation Hearing, and no

15   other party in interest having objected to confirmation of the Plan, based on the Plan, evidence

16   presented or proffered at the Confirmation Hearing, statements made in support of confirmation of

17   the Plan at the Confirmation Hearing, and the entire record before the Court in these

18   administratively consolidated Chapter 11 cases and otherwise being fully advised, the Court

19   hereby makes the following findings of fact and conclusions of law and issues the following

20   orders:

21   **II.**     **<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

22                  **<u>JURISDICTION AND VENUE</u>**

23        11.     The Court has jurisdiction over the Debtor's Chapter 11 case under 28 U.S.C.

24   §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).  Venue

25   in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

26        12.     The Court finds and concludes that the Court's retention of jurisdiction as set forth

27   in Article III(D) of the Plan, as modified by this Order, comports with the parameters contained in

28   28 U.S.C. § 157.

**CONTENTS OF THE PLAN**

13.    Exhibit C to the Plan is modified to reflect the changes attached hereto, which are approved as non –material modifications to the Plan.

14.    Exhibit E to the Plan is modified to reflect the changes attached hereto, which are approved as non –material modifications to the Plan.

15.    Exhibit F to the Plan is modified to reflect the changes attached hereto, which are approved as non –material modifications to the Plan.

16.    In accordance with Section 1123(a) of the Bankruptcy Code, the Court finds and concludes that the Plan: (a) designates classes of Claims and equity interests, other than claims of a kind specified in Sections 507(a)(2), 507(a)(3) and 507(a)(8) of the Bankruptcy Code; (b) specifies classes of claims and equity interests that are impaired under the Plan; (c) specifies the treatment of classes of claims and equity interests that are impaired under the Plan; (d) provides the same treatment for each claim or equity interest of a particular Class, unless the holder of a particular claim or equity interest agrees to less favorable treatment of the particular claim or equity interest; (e) provides for adequate means for the Plan's implementation; (f) does not provide for any issuance of non-voting equity securities, and (g) contains only provisions that are consistent with the interests of creditors and equity interest holders and with public policy.

17.    As permitted by Section 1123(b) of the Bankruptcy Code, the Plan: (a) impairs or leaves unimpaired classes of claims and equity interests; (b) provides for the rejection of all executory contracts and leases not heretofore assumed or rejected[3/]; (c) provides for exculpation of various persons and entities with respect to actions taken in furtherance of the Debtor's Chapter 11 case; and (d) includes other appropriate provisions not inconsistent with the applicable provisions of the Bankruptcy Code.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

---

[3/]    However, the resolution reached with the Buyer and the tenant association provides for the assumption of the existing leases (to the extent they are unexpired executory contracts), excepting the leases for Unit 6C after June 1, 2011 and any claimed leases of Raffone, and further provides for the amounts owing to Class 10 claimants to receive a priority in excess of the mandatory $2,600 set forth in 11 U.S.C. § 507(a)(7).  Any statement to the contrary provided for in the Plan is modified to this extent.

7

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED
CONSOLIDATED CHAPTER 11 PLAN OF LIQUIDATION

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**NOTICE, SOLICITATION AND ACCEPTANCE**

18.     In accordance with Bankruptcy Rules 2002, 3019, 6006 and 9014, the Court finds and concludes that adequate notice of the time for filing objections to confirmation of the Plan and adequate notice of the Confirmation Hearing was provided to all creditors and parties in interest entitled to receive such notice under the Bankruptcy Code and the Bankruptcy Rules.  No other or further notice of the Confirmation Hearing or confirmation of the Plan is necessary or required.

19.     In accordance with Section 1126(b) of the Bankruptcy Code, the Court finds and concludes that: (a) the solicitation of votes to accept or reject the Plan complied with all applicable bankruptcy and non-bankruptcy law, rules and regulations governing the adequacy of disclosure in connection with the solicitation; and (b) the solicitation was conducted after disclosure of "adequate information" as defined in Section 1125(a) of the Bankruptcy Code.

20.     The Court finds and concludes that Madison and its attorneys and agents solicited votes to accept or reject the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are, therefore, entitled to the rights, benefits and protections afforded by Section 1125(e) of the Bankruptcy Code.

21.     The Court finds and concludes that (a) the impaired Classes 2, 4-8, and 10-11 have accepted the Plan by satisfying the voting requirements set out in Section 1126(c) of the Bankruptcy Code; (b) Class 13 is unimpaired under the Plan and is deemed to have accepted the Plan without voting, pursuant to Section 1126(f) of the Bankruptcy Code; and (c) Classes 1, 3, 9 and 12 are deemed to have rejected the Plan due to the lack of voting, pursuant to Section 1126(c) of the Bankruptcy Code.

**COMPLIANCE WITH THE REQUIREMENTS OF**

**SECTION 1129 OF THE BANKRUPTCY CODE**

22.     In accordance with Section 1129(a)(1) of the Bankruptcy Code, the Court finds and concludes that the Plan complies with the applicable provisions of the Bankruptcy Code.

23.     In accordance with Section 1129(a)(2) of the Bankruptcy Code, the Court finds and concludes that Madison, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    24.    In accordance with Section 1129(a)(3) of the Bankruptcy Code, the Court finds and

2    concludes that: (a) Madison has proposed the Plan in good faith and not by any means forbidden

3    by law; (b) Madison has acted, and is presently acting, in good faith in conjunction with all aspects

4    of the Plan and in the conduct of the Debtor's Chapter 11 case; and (c) all transactions

5    contemplated by the Plan were negotiated and consummated at arm's length, without collusion,

6    and in good faith.

7    25.    In accordance with Section 1129(a)(4) of the Bankruptcy Code, the Court finds and

8    concludes that all payments made or to be made by the Administrator, for services or for costs and

9    expenses in or in connection with this Chapter 11 case, or in connection with the Plan and incident

10   to this Chapter 11 case, have been approved by, or are subject to approval of, the Court as

11   reasonable.

12   26.    In accordance with Section 1129(a)(5) of the Bankruptcy Code, the Court finds and

13   concludes that: (a) Madison (as proponent of the Plan) has disclosed the identity and affiliations of

14   all individuals initially proposed to serve, after the Effective Date of the Plan; (b) the appointment

15   to such positions of these individuals is consistent with the interests of the creditors and the equity

16   interest holders and with public policy; and (c) Madison (as proponent of the Plan) has disclosed

17   the identity of insiders that will be employed in the liquidation and the nature of compensation for

18   such insiders.

19   27.    In accordance with Section 1129(a)(6) of the Bankruptcy Code, the Court finds and

20   concludes that the Debtor is not subject to any governmental regulation of any rates.

21   28.    In accordance with Section 1129(a)(7) of the Bankruptcy Code, the Court finds and

22   concludes that with respect to the impaired Classes, Classes 1-12, each holder of a Claim in such

23   Classes has accepted the Plan, or will receive or retain under the Plan on account of such claim or

24   equity interest property of a value, as of the Effective Date, that is not less than the amount that

25   such holder would so receive or retain if the Debtor was liquidated under chapter 7 of the

26   Bankruptcy Code.

27   29.    In accordance with Section 1129(a)(8) of the Bankruptcy Code, the Court finds and

28   concludes that Classes 2, 4-8 and 10-11 have accepted the Plan and (b) Class 13 is not impaired

1    under the Plan.  With respect to Classes 1, 3, 9 and 12, which are deemed to have rejected the Plan

2    by the lack of voting on the Plan, the Court finds and concludes that, pursuant to

3    Section 1129(b)(1) of the Bankruptcy Code, the Plan does not discriminate unfairly, and is fair and

4    equitable, pursuant to Sections 1129(b)(2)(A)(ii) of the Bankruptcy Code, because the Plan

5    provides for a sale, subject to section 363(k), of the Property that is subject to the liens of Classes

6    1, 3 and 12, free and clear of such liens, with such liens to attach to the proceeds of such sale and

7    the treatment of such liens under clause (i) or (iii) of subparagraph 1129(b)(2)(A) of the

8    Bankruptcy Code.

9         30.    [Alternative] With respect to Class 13, which is deemed to have rejected the Plan

10    on account of the sale of the Property and the impact of such sale on the equity interests, the Court

11    finds and concludes that, pursuant to Section 1129(b)(1) of the Bankruptcy Code, the Plan does

12    not discriminate unfairly, and is fair and equitable, pursuant to Section 1129(b)(2)(C)(ii) of the

13    Bankruptcy Code, because no holders of junior interests will receive or retain any property under

14    the Plan.

15         31.    The Court finds and concludes that the Plan's treatment of Claims that, pursuant to

16    Section 1123(a)(1) of the Bankruptcy Code, are not classified satisfies the requirements set forth

17    in Section 1129(a)(9) of the Bankruptcy Code and; therefore, the Plan satisfies Section 1129(a)(9)

18    of the Bankruptcy Code.

19         32.    In accordance with Section 1129(a)(10) of the Bankruptcy Code, the Court finds

20    and concludes that at least one class of claims that is impaired under the Plan has voted to accept

21    the Plan, without including any acceptance of the Plan by any insider.

22         33.    In accordance with Section 1129(a)(11) of the Bankruptcy Code, the Court finds

23    and concludes that confirmation of the Plan is not likely to be followed by the need for further

24    financial reorganization or liquidation of the Debtor.

25         34.    In accordance with Section 1129(a)(12) of the Bankruptcy Code, the Court finds

26    and concludes that, to the extent that all fees payable to the United States Trustee under 28 U.S.C.

27    § 1930(a)(6) have not been paid, the Plan provides for the payment of all such fees on the

28    Effective Date of the Plan and as they come due after the Effective Date.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

35.    The Court finds and concludes that no retiree benefits, as that term is defined in Section 1114 of the Bankruptcy Code, exist in this Chapter 11 case, making Section 1129(a)(13) of the Bankruptcy Code inapplicable.

36.    The Court finds and concludes that no domestic support obligations, as that term is defined in Section 101(14A) of the Bankruptcy Code, exist in this Chapter 11 case, making Section 1129(a)(14) of the Bankruptcy Code inapplicable.

37.    The Court finds and concludes that the Debtor is not an individual, making Section 1129(a)(15) of the Bankruptcy Code inapplicable.

38.    The Court finds and concludes that the Plan complies with all applicable non-bankruptcy law governing the transfer of property, including the sale of the Property free of transfer tax in accordance with 11 U.S.C. § 1146(a), and therefore complies with Section 1129(a)(16) of the Bankruptcy Code.

39.    In accordance with Section 1129(b), the Court finds and concludes that the Plan should be approved because it does not discriminate unfairly and is fair and equitable with respect to the classes of claims and interest that are impaired under the Plan.  Further, under the Plan, pursuant to Section 1129(b)(1)(2)(C)(ii), the Plan is fair and equitable because no holder of any interest that is junior to the interest of Class 13 will receive or retain any interest under the Plan on account of such junior interest in any property.

40.    The Court finds and concludes that the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance.  The Plan, therefore, complies with Section 1129(d) of the Bankruptcy Code.

## MODIFICATIONS TO THE PLAN

41.    The Court finds and concludes that all modifications made to the Plan, including modifications to any exhibits to the Plan, after solicitation of votes on the Plan had commenced, as reflected in this Confirmation Order, as set forth in the record at the Confirmation Hearing, or as reflected in the confirmation documents, satisfy the requirements of Sections 1122, 1223, and 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, are non-material, and do not

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   adversely affect the treatment and rights of the holders of any Claims or equity interests under the

2   Plan who have not otherwise accepted, in writing, such modifications.  Accordingly, (a) Madison

3   (as proponent of the modifications) has satisfied Sections 1125 and 1127(c) of the Bankruptcy

4   Code and Bankruptcy Rule 3019 with respect to the Plan, as modified; and (b) holders of Claims

5   or equity interests that have accepted or rejected the Plan (or are deemed to have accepted or

6   rejected the Plan) are deemed to have accepted or rejected, as the case may be, the Plan as

7   modified on the date of this Confirmation Order, pursuant to Section 1127(d) of the Bankruptcy

8   Code and Bankruptcy  Rule 3019.

9   **SALE OF ESTATE PROPERTY**

10       42.    Pursuant to Federal Rules of Bankruptcy Procedure 9014 and 7052, and finding

11  that good cause exists for the approval of the sale of the Property as contemplated by the Plan, the

12  Court orders as follows:

13       a.    The sale of the Property in accordance with 11 U.S.C. §§ 105 and 363 is

14            approved;

15       b.    The terms, conditions, and transactions contemplated by the Purchase and

16            Sale Contract dated on or about May 4, 2011 (the "Contract"), a copy of

17            which is attached to the Plan as Exhibit E, are hereby approved in all

18            respects, and Samuel R. Biggs & Co, acting through Samuel R. Biggs as

19            managing partner, in his capacity as Administrator of the post-confirmation

20            estate of Debtor is hereby authorized under 11 U.S.C. §§ 363(b), (c), (f) and

21            (m) to sell the Property as more specifically described in Exhibit B to the

22            Plan free and clear of those liens, claims, encumbrances and interests set

23            forth below to Buyer on the terms and conditions provided in the Contract;

24       c.    The broker for the Administrator shall continue to be Eastern Consolidated,

25            whose pre-confirmation employment shall be extended under this Order

26            without need for further separate post-confirmation employment

27            authorization by the Court;

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

d.  Buyer under the Contract shall be _____

_____ or its authorized designee, or

such Back Up Buyer _____

or its authorized designee;

e.  Escrow Agent under the Contract shall be Nicholas T. Donovan, Donovan

LLP, 152 Madison Avenue, 14th  Floor, New York, NY 10016; telephone

(212) 980-1900; facsimile (212) 223-0966; Nick@DonovanLLP.com or

such other agent as may be designated by the Administrator;

f.  Title company under the Contract shall be Chicago Title, who is authorized

to record an entered copy of this Order;

g.  Administrator is hereby authorized to take all action reasonably required to

fulfill the Estate's obligations under the Contract including executing all

documents in connection with the sale transaction approved hereby on

behalf of Debtor and its Estate;

h.  The sale of the Property shall be free and clear of (a) any ownership

interests of Debtor, and its predecessors and successors in interest; (b) any

unrecorded equitable or legal interests in the Property asserted by any

person or entity (including without limitation, Raffone and Campbell), or

their respective predecessors and successors in interest, unless otherwise

expressly provided for by this Order; (c) the claims or interests asserted by

any person or entity, or their respective predecessors and successors in

interest, against the Estate which do not constitute liens against or interests

in the Property; and (d) the claims or interests asserted by any Person or

entity, or their respective predecessors and successors in interest, evidenced

by the liens, encumbrances and interests of record;

i.  Administrator is hereby authorized to pay directly from the proceeds of the

sale all amounts due which are secured by the following liens and

encumbrances:  (a) tax lien in favor of the New York State Department of

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    Taxation and Finance or the New York City Department of Finance in the

2    amounts that may be agreed, and if not agreed, reserved until any dispute is

3    resolved, (b) the voluntary lien of Madison in accordance with the terms of

4    the Plan, and (c ) mechanic's lien in favor of Ponichtera Contracting in

5    accordance with the terms of the Plan;

6    j.    Substantially contemporaneous with the Administrator's payment of

7    Classes 1-3 and reservation for or payment of all non-classified or

8    administrative claims, including wages (Class 9), tenant deposits and

9    reimbursements (Class 10) and disputed subordinated claims (Class 12),

10    then the Administrator is hereby authorized to pay directly from the escrow

11    established for the sale all amounts that he deems reasonable and

12    appropriate to satisfy the first payment due to creditors holding claims in

13    Classes 4-8, causing such creditors to release their liens and encumbrances,

14    and reserving sufficient excess funds to consummate the Plan, including

15    such amounts necessary to implement the settlement described in the Plan

16    and disburse funds to holders of Class 11 claims;

17    k.    Pursuant to 11 U.S.C. §1146(a), the sale of the Property is exempt from the

18    imposition of real property transfer taxes by the New York State

19    Department of Taxation and Finance or the New York City Department of

20    Finance or any other applicable taxing authority;

21    l.    The Administrator is authorized to execute all documents required by the

22    City and State of New York for the transfer of real property on behalf of the

23    Estate;

24    m.    The Administrator is authorized to execute all documents required by the

25    title company to close the sale of the Property;

26    n.    Upon the closing of the sale approved by this Order, Administrator is

27    authorized to pay from the sale proceeds a broker's commission to Eastern

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    Consolidated [and _____,

2    in equal shares] in an amount equal to 2.1% of the final sale price;

3    o.    Unless Buyer who actually closes the purchase of the Property is Bernstein

4    Real Estate, a New York corporation, upon the closing of the sale approved

5    by this Order, Administrator is authorized to pay from the sale proceeds a

6    break up fee of Two Hundred Fifty Thousand Dollars ($250,000) to

7    Bernstein Real Estate;

8    p.    The assumption by Administrator on behalf of the estate of those unexpired

9    tenant leases of the Property listed on <u>Exhibit C</u> to the Plan (but specifically

10    excluding those tenant leases or executory contracts, whether written or

11    oral, if any, granting occupancy or possession of any portion of the Property

12    to Raffone and any leases which are not unexpired) (the "Assumed Leases")

13    pursuant to the provisions of 11 U.S.C. §365(a) is hereby approved.  The

14    Assumed Leases shall be assigned to and assumed by Buyer upon the

15    closing of Buyer's purchase of the Property;

16    q.    Pursuant to 11 U.S.C. §363(m), absent a stay of this Order pending appeal,

17    the reversal or modification on appeal of this Order, or any provisions

18    thereof, shall not affect the validity of the sale transaction approved hereby

19    which is consummated prior to such stay, reversal or modification on

20    appeal;

21    r.    The validity of the sale approval hereby shall not be affected by the

22    appointment of a trustee or successor trustee, the dismissal of the above-

23    captioned case, or its conversion to another chapter under Title 11 of the

24    United States Code;

25    s.    Upon consummation of the sale transaction contemplated by the Contract,

26    the Buyer will be a buyer in "good faith" within the meaning of 11 U.S.C.

27    §363(m);

28

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED
CONSOLIDATED CHAPTER 11 PLAN OF LIQUIDATION

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

t.      The Contract was negotiated by Buyer and on behalf of the Estate for the benefit of all creditors without collusion, in good faith and the sale of the Property is an arm's length transaction;

u.      The purchase price payable under the contract represents the fair market value of the Property; and

v.      This Court shall and hereby does retain jurisdiction to (1) enforce and implement the terms and provisions of the Contract, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or Contracts executed in connection therewith; (2) compel delivery and payment of the consideration provided for under the Contract; (3) resolve any disputes, controversies or claims arising out of or relating to the Contract; (4) authorize the Clerk of this Court to execute any conveyance of title and/or interest required by the Contract; and (5) interpret, implement, and enforce the provisions of this Order.

43.     The validity of the releases and waivers set forth in the Plan shall not be affected by the appointment of a trustee or successor trustee, the dismissal of the above-captioned case, its conversion to another chapter under Title 11 of the United States Code, the entry of a final decree or whether the Plan is ever fully consummated or not.

## MISCELLANEOUS

44.     The Court finds and concludes that, upon entry of this Confirmation Order, each term and provision of the Plan will be valid and enforceable in accordance with its terms.

45.     The Court finds and concludes that all documents necessary to implement the Plan shall be, upon execution on or after the Effective Date, valid, binding and enforceable agreements not in conflict with any federal or state laws.

46.     In accordance with Bankruptcy Rule 3016(a), the Court finds and concludes that the Plan is dated, and the entities submitting it or filing it are identified.

47.     The Court finds that confirmation of the Plan is in the best interests of the Debtor, its estate, creditors, equity interest holders, and all other parties in interest.

48.     All findings of fact and conclusions of law announced by this Bankruptcy Court on the record in connection with confirmation of the Plan or otherwise at the Confirmation Hearing are incorporated herein.

49.     All findings of fact that are conclusions of law shall be deemed to be conclusions of law, and all conclusions of law which are findings of fact shall be deemed to be findings of fact.

## III.    ORDER

In light of the foregoing Findings of Fact and Conclusions of Law, IT IS ORDERED that:

### CONFIRMATION

50.     The Plan, as modified by this Confirmation Order, is CONFIRMED

51.     The form of Bargain and Sale Deed Without Covenant Against Grantor's Acts attached to the Contract is approved.

### EFFECTS OF CONFIRMATION

52.     The Confirmation Order shall not discharge Debtor from any debt and liability that arose before confirmation, as provided in Section 1141(d)(3)(A) of the Bankruptcy Code.

53.     Until the Bankruptcy Court closes this case, the Bankruptcy Court shall retain jurisdiction of the Debtor, its assets and properties.

54.     Except as otherwise provided in Section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of this Plan shall bind any holder of a Claim against, or equity interest in, the Debtor and its respective successors and assigns whether or not the claim or equity interest of such holder is impaired under this Plan and whether or not such holder has accepted this Plan.

55.     Unless expressly modified or lifted by the Bankruptcy Court, all injunctions or stays provided for in the Debtor's Chapter 11 case pursuant to Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Bankruptcy Court closes this case.

56.     On and after the Confirmation, and except to the extent that that a Creditor in the Debtor's case remains a creditor in the Raffone case, or to the extent that the stay has been lifted in either bankruptcy case, all Persons are permanently enjoined from commencing or continuing in

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  any manner any action or proceeding (whether directly, indirectly, derivatively or otherwise) on

2  account of or respecting any Claim, debt, right or cause of action.

3        57.    On or immediately following the entry of this Confirmation Order, the Receiver

4  shall commence to take all steps necessary or appropriate to transfer, deliver and assign to the

5  Administrator on behalf of the creditors of the Debtor all of his right, title and interest in, to, under

6  and in connection with all of the remaining assets of the Debtor and the Estate free and clear of

7  any interest in such property of any other person or entity, including the payment of vendors,

8  management company(ies) and or Receivership fees and expenses.  Under this paragraph, the

9  Receiver shall be entitled to retain sufficient funds for payments of all vendors, commissions and

10  any others as may be ordered by the New York receivership court and remit only the balance to

11  the Administrator.  Should the Administrator so elect, he shall be entitled to retain the Receiver

12  and his property manager from the time of the entry of the Confirmation Order until the closing

13  date of the Property.

14        58.    The Plan has been proposed for the purpose of liquidating the assets of the Debtor.

15  Under the Plan as hereby confirmed, the Administrator shall (i) collect and reduce the assets of the

16  Debtor to cash, (ii) make distributions on account of Allowed Claims in accordance with the Plan

17  and (iii) take all such actions as are reasonably necessary to accomplish the purpose hereof, as

18  more fully provided in the Plan.

19        59.    In addition to all powers enumerated in the Plan and in the provisions hereof, from

20  and after the Effective Date, the Administrator shall succeed to all of the rights of the Debtor

21  necessary to effectuate the Plan.   As of the Effective Date, the Administrator shall be responsible

22  for the winding up and dissolution of the Debtor's Estate, for liquidating the assets of the Debtor

23  in accordance with the Plan, for making distributions to holders of Allowed Claims against the

24  Debtor and for settling, resolving and objecting to claims against the Debtor.  The Administrator

25  shall have the authority without further Bankruptcy Court approval to sell the assets of the Estate,

26  to hire counsel and other advisors, to prosecute and settle objections to Disputed Claims against

27  the Debtor, to pursue causes of action and otherwise to take such other actions as shall be

28  necessary to administer the Debtor's case and effect the closing of the Debtor's case.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

60.     Prior to the Confirmation Date, Madison, in consultation with the Committee and at the request of creditors, nominated Samuel R. Biggs & Co., acting through Samuel R. Biggs as managing member, to be appointed as Administrator.  Such appointment is herein approved.  The Plan is modified to change the cap on any compensation for the Administrator and his professionals to $150,000, absent further order of the Court upon cause shown.

61.     The Administrator will serve in accordance with the terms of the Plan.  The Administrator will retain all rights and powers conferred by the Plan.  The Administrator shall also possess such other and further rights and powers as detailed in the Plan, including, without limitation to all rights and powers pursuant to 11 U.S.C. § 1123(b)(3)(A) and (B), including the right and power in his reasonable discretion to:

(i)     invest the Estate's and the Debtor's Cash (including, without limitation, Cash in the reserves) in (A) direct obligations of the United States of America or obligations of any agency or instrumentality thereof which are guaranteed by the full faith and credit of the United States of America; (B) money market deposit accounts, checking accounts, savings accounts or certificates of deposit, or other time deposit accounts that are issued by a commercial bank or savings institution organized under the laws of the United States of America or any state thereof; or (C) any other investments that may be permissible under (I) the Bankruptcy Code or (II) any order of the Bankruptcy Court entered in the Chapter 11 case;

(ii)    calculate all distributions required or permitted to be made under the Plan, and/or orders of the Bankruptcy Court and pay such distributions;

(iii)   subject to the provisions of the Plan, establish, fund, and/or administer the reserves and such other reserves, accounts and escrows as may be authorized by the Plan or order of the

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED
CONSOLIDATED CHAPTER 11 PLAN OF LIQUIDATION

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    Bankruptcy Court;

2    (iv)    employ, supervise and compensate professionals and other Persons

3    retained to represent the interests of and serve on behalf of the

4    Estate and waive any conflicts of interest as deemed necessary and

5    appropriate in his discretion, subject to the cap on compensation

6    provided for in the Plan, as amended hereby;

7    (v)    make and file tax returns for the post confirmation estate;

8    (vi)    except as specifically provided in the Plan, object to or seek to

9    recharacterize, reclassify or subordinate Claims or equity interests

10    filed against any of the Estate on any basis, and, pursuant to

11    Bankruptcy Rule 9019(b) and Section 105(a) of the Bankruptcy

12    Code, to compromise and settle any such Claims or equity interests

13    including Disputed Claims;

14    (vii)    seek estimation of contingent or unliquidated Claims under

15    Section 502(c) of the Bankruptcy Code, except as to Claims in

16    Classes 2-8 which shall be governed by the settlement set forth in

17    the Plan;

18    (viii)    except as to Class 8, seek determination of tax liability under

19    Section 505 of the Bankruptcy Code;

20    (ix)    prosecute, settle, dismiss, abandon or otherwise dispose of turnover

21    actions under Sections 542 and 543 of the Bankruptcy Code;

22    (x)    prosecute, settle, dismiss, abandon or otherwise dispose of any and

23    all causes of action of the Debtor;

24    (xi)    perform any and all acts necessary or appropriate for the

25    conservation and protection of the assets of the Estate and the

26    Debtor;

27    (xii)    exercise all powers and rights, and take all actions contemplated by

28    or provided for in the Plan;

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

(xiii)    take any and all other actions necessary or appropriate to implement or consummate this Plan;

(xiv)    to consider and act on the compromise, settlement or payment of any claim against the Debtor;

(xv)    take any and all other actions necessary or appropriate to implement or consummate any Alternative Dispute Resolution Program ("ADR Program") approved by the Court and to exercise all powers and rights accorded the Administrator under such ADR Program; and

(xvi)    to exercise all powers and rights accorded by the Bankruptcy Code, including, but not limited to, Section 105 of the Bankruptcy Code, and, notwithstanding the applicable law of the state of incorporation of the Debtor, all powers and rights accorded under New York Law and under any applicable law of the state of incorporation of the Debtor not inconsistent with New York Law.

62.    The Administrator shall be compensated from the assets of the Estate pursuant to the terms of the Plan, and any agents, financial advisors, attorneys, consultants, independent contractors, representatives and other professionals retained or utilized by the Administrator (the "Administrator Professionals") shall be entitled to reasonable compensation for services rendered and reimbursement of expenses incurred, subject to any limitation on such compensation and reimbursement of expenses set forth in the Plan, as amended hereby.  After the Effective Date, the payment of the fees and expenses of the Administrator and the Administrator Professionals shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court.  The Administrator shall file with the Bankruptcy Court  periodic statements containing a detailed invoice for services performed (a "Statement").  In the event any party in interest objects to the compensation received by the Administrator as detailed in a Statement, the matter shall be presented to the Bankruptcy Court for determination.  Any such objection must be filed with the Bankruptcy Court within twenty (20) days after the filing of the Statement upon which the objection is based.  Upon the request of any party in interest or the Administrator, the

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    Bankruptcy Court, after notice and a hearing, may, with the consent of the Administrator, alter the

2    amount, terms, or conditions of the Administrator's compensation or the Administrator

3    Professionals' compensation or the cap imposed on such amounts under the Plan.  Any successor

4    Administrator shall receive such reasonable compensation and reimbursement of expenses in the

5    same manner for service as the Administrator.

6        63.    The Administrator and Administrator's attorneys and other agents shall be and

7    hereby are held harmless by and indemnified by the Plan and the Estate for any and all claims,

8    losses, expenses (including attorneys' fees and expenses), liabilities, actions, cause of action, and

9    all fees and expenses related thereto arising out of or in any way related to any claim arising from

10   the administration of the Plan.  The Administrator may contract in such a manner that the

11   Administrator is exempt from personal liability and that liability is limited to the Estate.  The

12   foregoing notwithstanding, the Administrator shall be personally liable to the Estate or third

13   parties for bad faith, breach of fiduciary duty, dishonesty, gross negligence, fraud, or other similar

14   acts.  This indemnification obligation also includes costs and expenses, including attorneys' fees

15   and expenses, incurred to enforce this indemnity provision.

16       64.    If the Administrator so elects, or if the Court otherwise requires by initialing this

17   paragraph here _____, the Administrator shall post a bond, in a form acceptable to

18   the United States Trustee for the Central District of California in an amount no less than

19   $_____ ($_____.00).  The cost of such bond, if any,

20   shall be a cost of administration of the Plan.

21       65.    Persons dealing with the Administrator shall look only to the Estate to satisfy any

22   liability incurred by the Administrator to such person in carrying out the terms of the Plan, and the

23   Administrator shall have no personal or individual obligation to satisfy any such liability.

24       66.    Any person dealing with the Administrator shall be fully protected in relying upon

25   the Administrator's certificate signed by the Administrator that such Administrator has authority

26   to take any action under the Plan.

27       67.    The Administrator shall be authorized to obtain all reasonably necessary insurance

28   coverage for himself and the Administrator Professionals, including, but not limited to, coverage

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   with respect to (i) any property that is or may in the future become the property of the Debtor and

2   (ii) the liabilities, duties and obligations of the Administrator, and the Administrator Professionals

3   (in the form of an errors and omissions policy or otherwise), the latter of which insurance

4   coverage may, at the sole option of the Administrator, remain in effect for a reasonable period

5   after the conclusion of the Administrator's service.

6           68.     On or as soon as practicable after the Effective Date and prior to making any

7   distributions, the Administrator shall set aside, deduct and reserve an amount of Cash equal to the

8   estimated amount of plan expenses and required payments.  This reserve shall be deposited in a

9   segregated, interest-bearing account in order to fund the fees and expenses of the Plan (including,

10  without limitation, compensation for the Administrator and fees and expenses incurred in

11  connection with the duties and actions of the Administrator (including, without limitation, fees and

12  expenses of legal counsel and accountants)) and to pay insurance, taxes and other expenses arising

13  in the ordinary course of business in maintaining and disposing of the remaining assets.  Any Cash

14  remaining in the reserve prior to the closing of the Chapter 11 case shall be distributed to holders

15  of Claims in accordance with the provisions of the Plan.

16          69.     The Administrator may be removed by the Bankruptcy Court upon application for

17  good cause shown.  In the event of the resignation, removal, death or incapacity of an

18  Administrator, the Bankruptcy Court shall designate another Person to become Administrator and

19  thereupon the successor Administrator, without any further action, shall become fully vested with

20  all of the rights, powers, duties and obligations of his or her predecessor.

21                          **BAR DATES FOR CERTAIN CLAIMS**

22          70.     Except as provided herein, all requests for payment of Administrative Claims

23  (except for Professional Fees) must be filed with the Court no later than 75 days after the Effective

24  Date (the "Administrative Claim Bar Date").  Holders of such Administrative Claims who fail to

25  file a request for payment by the Administrative Claim Bar Date shall be forever barred from

26  asserting such Administrative Claims against the Debtor.

27          71.     Each Person seeking an award by the Bankruptcy Court of Professional Fees must

28  file its final application for allowance of compensation for services rendered and reimbursement of

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  expenses incurred through the Effective Date no later than 60 days after the Effective Date.  All

2  such applications must be in compliance with all of the terms and provisions of applicable orders

3  and Local Rules of the Bankruptcy Court governing payment of Professional Fees.

4       72.     All proofs of Claim, with respect to Claims arising from the rejection of any

5  executory contract or unexpired lease, must be filed with the Bankruptcy Court no later than

6  30 days after the Effective Date.  Holders who fail to timely file such proofs of Claim shall be

7  forever barred from asserting such Claims against the Debtor.

8  **PLAN IMPLEMENTATION**

9       73.     The Administrator shall have the authority to implement the Plan in this Chapter 11

10  case.  The Debtor's case shall not be treated as a consolidated case with the Raffone Estate under

11  this Plan.

12  **RETENTION OF JURISDICTION**

13       74.     This Court's retention of jurisdiction as set forth in Article III(D) of the Plan is

14  APPROVED.  Such retention of jurisdiction does not affect the finality of this Confirmation

15  Order, which the Court now expressly directs the Clerk of the Bankruptcy Court to enter

16  immediately.

17  **MISCELLANEOUS**

18       75.     In accordance with the agreement set forth in paragraphs 6, 7 and 42(k), *supra*., the

19  tenant leases (but only to the extent they are unexpired) are hereby assumed subject to the Court's

20  approval of the parties' stipulation effectuating that agreement, and assigned to the Buyer.

21       76.     The appropriate state or local government officials or agents are directed to forego

22  the collection of any tax or assessment described in this Confirmation Order or in Section 1146(c)

23  of the Bankruptcy Code and to accept for filing or recordation any of the instruments or other

24  documents described in this Confirmation Order or in Section 1146(c) of the Bankruptcy Code

25  without the payment of any such tax or assessment.

26       77.     The Administrator shall be authorized and directed to execute, deliver, file, or

27  record such contracts, instruments, releases, and other agreements or documents, and to take such

28  actions as may be necessary or appropriate to effectuate and further evidence the terms and

1  conditions of the Plan.  All transactions required to occur on the Effective Date under the terms of

2  the Plan shall be deemed to have occurred simultaneously.

3       78.     All objections to Confirmation, to the extent not already overruled by the Court or

4  satisfied by the provisions of this Confirmation Order, are OVERRULED.

5       79.     To the extent inconsistent with the terms of the Plan, this Order shall control.

6       80.     The provisions of this Confirmation Order are nonseverable and mutually

7  dependent.

8                                                    # # #

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  DATED: May 3, 2011                    _____
                                          United States Bankruptcy Judge
27

28

SM01DOCS\833966.4

25

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED
CONSOLIDATED CHAPTER 11 PLAN OF LIQUIDATION

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**120 Broadway, Suite 300, Santa Monica, CA 90401**

A true and correct copy of the foregoing document described as ***FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED CONSOLIDATED CHAPTER 11 PLAN OF LIQUIDATION DATED MAY 4, 2011*** will be served or was served in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***May 3, 2011,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***May 3, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**BY OVERNIGHT MAIL**
**Debtor**
Nevada Star, LLC
c/o Claudia Raffone
1401 Claridge Drive
Beverly Hills, CA 90210

☐  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
**BY PERSONAL DELIVERY**                        ☐  Service information continued on attached page
Honorable Peter Carroll
United States Bankruptcy Court
255 E Temple Street, Courtroom 1539
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 3, 2011 | Michael M. Mason | /s/ Michael M. Mason |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                        **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3)**  **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4)**  **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  ***FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED CONSOLIDATED CHAPTER 11 PLAN OF LIQUIDATION DATED MAY 4, 2011*** was entered on the date indicated as   Entered” on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (“NEF”)** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **May 3, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

  Michael Jay Berger on behalf of Debtor Claudia Raffone (michael.berger@bankruptcypower.com);
  Russell Clementson on behalf of U.S. Trustee United States Trustee (LA) (russell.clementson@usdoj.gov);
  United States Trustee (LA) (ustpregion16.la.ecf@usdoj.gov.)
  Lewis R Landau on behalf of Creditor Committee Creditors Committee of Nevada Star, LLC (lew@landaunet.com),
  R G Pagter on behalf of Creditor Henry Campbell (gibson@pagterandmiller.com, pandm@pagterandmiller.com;
  Thomas M. Geher (tmg@jmbm.com)
  Brett A. Axelrod on behalf of Fox Rothschild LLP (baxelrod@foxrothschild.com, mrustia@foxrothschild.com)
  David L. Neale on behalf of Creditor Beys , Stein & Mobargha LLP (dln@lnbrb.com, kjm@lnbrb.com)
  Sandor T. Boxer on behalf of Creditor Castle Oil Corporation (tedb@tedboxer.com)
  Michael W. Tan on behalf of Creditor United States of America, IRS (michael.w.tan@irscounsel.treas.gov)

☐  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Debtor**
Nevada Star, LLC
c/o Claudia Raffone
1401 Claridge Drive
Beverly Hills, CA 90210

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an “Entered” stamp, the party lodging the judgment or order will serve a complete copy bearing an “Entered” stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                      **F 9021-1.1.NOTICE.ENTERED.ORDER**